**WILLIAMS BROTHERS, Inc., v. STATE INDUSTRIAL COMMISSION et al.**

No. 23109. Opinion Filed July 6, 1932.

Maxey, Holden & Holleman, for petitioner.

Byrne A. Bowman and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioner and claimant, respectively.

A number of questions are presented by the petitioner, only one of which we think necessary to consider herein, that is, that there was no competent evidence reasonably tending to show the change of condition upon which the second award was based.

The injury occurred on August 4, 1930. The claimant filed his notice and claim with the State Industrial Commission on September 30, 1930. On March 17, 1931, the claimant, the petitioner, and the Federal Insurance Company, as the petitioner's insurance carrier, entered into an agreement fixing the amount of compensation which should be awarded to the claimant. There was no agreement as to the percentage of permanent partial disability, but there was an agreement as to the amount of compensation to be awarded for permanent partial disability. On March 25, 1931, the State Industrial Commission entered an order approving that agreement, subject to the continuing jurisdiction of the State Industrial Commission on account of a change of condition. The agreed amount was paid. On September 11, 1931, the claimant filed a motion to reopen the cause on account of a change of condition. On October 14, 1931 a hearing was had on the motion to reopen, and on November 17, 1931, a second hearing was had thereon. Dr. Hall testified that he examined the claimant in September, 1931, and that he did not know whether or not the claimant's condition had changed after March, 1931. Evidently he did not know the condition in which the claimant was in March, 1931. Dr. Oldman testified that he saw the claimant in December. 1930, and that, if there was any change in the claimant's condition for the worse, he could not find it, and that, in his opinion, that condition was better. Dr. Hall testified again on November 17, 1931. He said that he had examined the claimant that day and that he then discovered a condition which indicated to him that the claimant was a little worse. That testimony could apply only to the condition of the claimant in September, 1931. It could not apply to the condition in March, 1931, for Dr. Hall did not see the claimant prior to September, 1931. We are unable to determine from the testimony of Dr. Hall whether the change of condition that he spoke of was a change of condition between September, 1931, and November, 1931, or a change of condition between October, 1931, and November, 1931. Dr. Walden testified that he examined the claimant in November, 1931, but that he knew nothing of the condition of the claimant on March 25, 1931 On October 14, 1931, the claimant testified that he did not know that he was any worse then than when he made the settlement in March, 1931. He was recalled on November 17, 1931, and testified that he thought his leg was worse then than it was in March, 1931, when the settlement was made. His opinion was based upon his statement that his leg was more numb. There is no medical testimony in the record that the condition of the claimant on the 25th day of March, 1931, changed for the worse. The issue is not whether there was a change of condition of the claimant for the worse after

September, 1931. The issue is whether or not there was a change of condition of the claimant for the worse after the 25th day of March, 1931.

Under the state of the record, the applicable rule is that stated in St. Louis Mining & Smelting Co. et al. v. State Industrial Commission, 113 Okla. 179, 241 P. 170, wherein this court held:

" 'When, in an action for personal injury, the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proven by the testimony of skilled professional persons.' Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785."

See, also, Channing et al. v. Payton, 152 Okla. 153, 4 P. (2d) 1.

The injury sustained by the claimant consisted of a break of a bone of the leg. The nature of the injury was such as to require skilled and professional men to determine whether or not the condition existing in March, 1931, changed for the worse. The claimant's testimony was nothing more than a conclusion by one not competent to testify as to a conclusion based on facts requiring skill. It was not binding upon the State Industrial Commission and it is not binding upon this court.

The award of the State Industrial Commission is vacated.

RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent. KORNEGAY, J., dissents.