### TEXAS CO. et al. v. FOX et al.

No. 27164.   Feb. 23, 1937.

Rehearing Denied April 6, 1937.

Nathan A. Gibson and Wilbur J. Holleman, for petitioners.

W. P. Morrison, A. L. Morrison, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The petitioner seeks by this proceeding to vacate an award entered on the 14th day of April, 1936, in favor of Jack Fox for $1,101, or 61 weeks and one day's compensation at the rate of $18 per week until temporary total disability shall cease, together with medical care, as corrected by its order entered May 7, 1936, to read $1,058.80, or 61 weeks and one day's compensation at the rate of $17.31 per week and $17.31 per week during temporary total disability.

The parties will be referred to as petitioner and respondent. The commission found that respondent suffered an accidental injury within the terms of hazardous employment while engaged in such employment occasioned by the explosion of a boiler on December 26, 1934.

The petitioner attacks the award upon two grounds. The first is that there is no competent evidence in the record that claimant sustained an accidental injury on the date claimed; and second, that there was a failure to give notice to the petitioner within 30 days after the accident, and that the finding that the petitioner had actual notice thereof and was not prejudiced by such failure to give notice is not justified, and that as a matter of fact and law the petitioner was prejudiced.

Mrs. Elston testified that she was with her sister, Mrs. Fox, when she went to Mr. Holmes, superintendent, and informed him of the accident, and Mr. Holmes said he did not think there was anything to this; that the time which Mrs. Fox went to the superintendent was on or about the 27th day of December, 1934, after the accident on or about the 26th day of December, 1934. In our opinion, the State Industrial Commission was justified in finding from this set of facts that the petitioner had notice of the accident, and was therefore justified in making the finding of fact that they were not prejudiced by failure to give the written notice within the terms and provisions of the Workmen's Compensation Law.

The next question is the competency of the evidence to support the fact that an accident occurred and that the accident resulted in an injury. It is established by competent evidence that there was a flash caused by vapor which had accumulated in a still, and that such flash resulted in a fire. The respondent amended his claim to state that the accidental injury resulted from a flash and a following fire as distinguished

from his original statement that it resulted from an explosion.

Respondent was examined by two physicians. Dr. Myer of El Reno examined respondent January 8, 1935. He gave it as his opinion that respondent was suffering from psychoneurosis, which is similar to shell shock. This physician did not attempt to state that the disability resulted from any accident. Dr. M. S. Gregory testified that respondent was referred to him by Dr. Myers on January 19, 1935; that he had him under observation until the last day of May, 1935; that he made a diagnosis of paranoia state of dementia praecox and attributed this condition to the fact that "primarily there was probably mechanisms in his mind;" secondarily, there was the accident that resulted from an explosion; that he was suffering from a type of hallucinations and that he was hearing voices; that people had it in for him; that people were scheming and planning against him; that he was also feeling influences from outside; that he took his family history which he considered generally negative; that there was no organic disease; that the case compares strikingly with what the laity calls shell shock, and based upon his observation and care of this man his opinion from his examination is that respondent has a very serious permanent disability; that for manual labor he would be unsafe, unreliable and dangerous. On cross-examination the physician stated that the so-called explosion might be a delusion; that respondent felt his family generally was against him; that if there was no explosion, then the opinion of the physician as to an explosion being a precipitating cause would have to be changed; that in an insane man a small affair precipitates a very serious mental state; that it would be possible that respondent became frightened without any explosion; that this might possibly precipitate a serious nervous affair; that the history, whatever it was, whether it was a fire or an explosion, has a definite date which is around Christmas Day, which the physician thought was the next day after Christmas. We have said that where the nature of the injury is such as has to be proved by expert medical testimony, the record must contain such testimony which can be declared competent evidence of the accidental injury which results in the disability. See Kingfisher v. Jenkins, 168 Okla. 624, 33 P. (2d) 1094; Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. (2d) 378. The question, therefore, is, Was there competent medi-

cal evidence that the flash and the fire following caused an accidental injury resulting in claimant's disability? There is competent evidence to establish that there was a flash and a fire and that claimant was there; that he ran out of the doghouse and that he helped with the hose which was handled by two or three of his associates in putting out the fire. Several witnesses testified as to the personal peculiarities of the respondent both before and after the alleged fire. Dr. Ned R. Smith, an expert on mental and nervous diseases, testified for the petitioner that in his opinion there was no connection between the mental disability of the respondent and the alleged accident, and gave it as his opinion that the respondent was suffering from a mental complex known as mother fixation.

We have carefully reviewed the record and after a thorough search are of the opinion that there is no competent medical expert evidence which tends to disclose that the respondent suffered an accidental injury resulting in a disability.

The award is vacated.

WELCH, BUSBY, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and PHELPS, J., dissent. BAYLESS, V. C. J., and RILEY, J., absent.