**TURNER et al. v. FORD et al.**

No. 28602.   Oct. 25, 1938.

Pierce & Rucker and A. M. Covington, for petitioners.

E. P. Hicks and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. Martin N. Ford alleges that on January 22, 1938, he sustained an accidental injury when his knee was wrenched and the ligaments were badly torn when he stepped into a low place while pushing a wheelbarrow when he was working on some concrete for the petitioner Morris W. Turner. On the 25th day of April, 1938, the State Industrial Commission entered its order and award finding that the said Martin N. Ford sustained an accidental injury arising out of and in the course of his employment and awarded temporary total disability with the compensation fixed at the rate of $15.39 per week during the continuance of such total disability. The petitioners, Morris W. Turner and General Insurance Company, seek to vacate this award. The parties will be referred to as they appear in this court.

Petitioners first allege that the respondent is an independent contractor; second, that there is no competent evidence of an accidental injury; third, that there is no competent evidence that the disability of respondent is the result of any alleged accidental injury. As we view it, the second and third propositions are determinative of the issues presented to the State Industrial Commission, and we shall not indulge in any discussion as to whether or not the respondent was an independent contractor.

Morris W. Turner is engaged in the real estate business in Tulsa, Okla. He has the renting and repairing of several business houses and residences as a part of such undertaking. During the progress of his business of renting and repairing, it was necessary to repair a driveway and a garage at 3247 S. Victor street, in the city of Tulsa. This was residence property. W. C. Fowler testified that respondent Ford was hired to lay some of the concrete at four cents a foot; that Ford had the contract; that Ford explained to Fowler what he was getting; that where the excavation was more than four inches of fill they kept account of the time and were paid 50 cents per hour for this fill work; that on this job they had put in four hours apiece, at which time the respondent was injured, and that the witness Fowler went on and completed the work.

Respondent testified that he did concrete work and that this was one of the several jobs that he had done for Morris W. Turner; that he was engaged in contracting of this nature; that on the 22nd day of January, 1938, he was working as above described, getting ready to pour concrete and make a fill, and that he had worked four hours when he hurt his knee while pushing a wheelbarrow up a runway; that he had a contract at four cents a foot to make this fill; that after respondent quit, W. C. Fowler completed the job, and the check for the job was made out to Fowler after the respondent quit work.

The physician for the respondent testified that respondent had a disability. He stated that he did not know what caused the disability suffered by the respondent. He explained the nature of the treatment given after the respondent came to him. His leg was put in a cast, and because of the soreness and infection which developed, there is no doubt that at the time of the hearing the respondent had a disability. But there is no competent evidence that the accidental injury received on January 22, 1938, caused the disability. It is essential under such circumstances that there be medical expert testimony that the disability the respondent now suffers is a result of the accidental injury claimed. Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785. Respondent admits that he did not slip or slide or fall, and that there was no outward evidence of any particular injury.

We are of the opinion that the case comes within the rule announced by this court in National Biscuit Co. v. Lout, 179 Okla. 259,

65 P.2d 497, and Texas Co. v. Fox, 179 Okla. 528, 66 P.2d 908. In the former case this court announced the rule as follows:

"The benefits of the Workmen's Compensation Law of this state are not confined to traumatic injury but do require that an injury in order to be compensable shall have some objective origin."

And, quoting from Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751, the court in the opinion said:

"There must be some accidental injury arising out of and in the course of employment. Taking the testimony of respondent in its most favorable light, it only tends to prove that the disability came on respondent while he was engaged in work for petitioner. It does not show any accident, any more than the normal actions of a normal man."

In Texas Co. v. Fox, supra, we point out that, before the State Industrial Commission is authorized to enter an order for compensation payable for a disability, it must be shown that there was an accidental injury causing such disability.

We have carefully reviewed the record in this cause, and are of the opinion that there is no competent evidence that any disability that the respondent now has is a result of any accidental injury. It is, therefore, unnecessary to discuss the other issues presented to the State Industrial Commission.

The award is vacated.

OSBORN, C. J., and RILEY, CORN, GIBSON, and DAVISON, JJ., concur.