### TATON et al. v. DUNLAP et al.

No. 28623. Jan. 31, 1939.

Rehearing Denied Feb. 21, 1939.

S. S. Wachter and George E. Lipe, for petitioners.

O. B. Martin and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by E. L. Taton, hereafter referred to as petitioner, and Maryland Casualty Company, his insurance carrier, to obtain a review of an award made by the State Industrial Commission

in favor of Bob Dunlap, hereafter referred to as respondent.

The essential facts as shown by the record will be briefly stated. On August 30, 1937, respondent strained his back while lifting a sack of cement and was given professional attention and returned to his work at his same wage on September 7, 1937, and continued in such employment for approximately four weeks, at which time he quit on account of lack of any further work to do. Payment of compensation for the period of temporary total disability, which respondent had sustained as a result of his injury, was made under form 7 stipulation and receipt, which was approved by the State Industrial Commission in an order dated November 24, 1937. On December 2, 1937, the respondent called Dr. John R. Curry to attend him. This doctor found that respondent was then suffering from an attack of undulant fever and gave him treatment for such disease. Upon the testimony of this doctor that the attack of undulant fever had no connection with the injury of August 30, 1937, and that the disability of the respondent was attributable to the disease and not to said injury, the State Industrial Commission, on February 19, 1938, as the result of hearings held to determine the extent of disability of respondent, entered an order which denied any further compensation. This order was, at the instance of the respondent, vacated by the commission on March 16, 1938, and further hearing held, at the conclusion of which, on April 25, 1938, the award which we are now called upon to review was made and entered. As a basis for this award the commission found, in substance, that respondent had sustained a temporary partial disability as a result of his accidental injury, and that thereby his wage-earning capacity had been decreased $2 per day subsequent to September 2, 1937, and that therefore respondent was entitled to compensation at the rate of $8 per week for a period not to exceed 300 weeks. The award directed payment in accordance with said findings.

The petitioner assigns eight specifications of error and illegality in said award and presents them under three propositions. The contentions so advanced are: (a) The finding of temporary partial disability as a result of injury is without the support of any competent evidence; (b) the award is without authority of law; (c) that the commission abused its discretion when it vacated the order of February 19, 1938.

The first contention of petitioner presents the decisive issue, which is whether there is any competent evidence of causal connection between the injury which respondent had admittedly sustained and the disability which the commission found existed. The injury was of such character as to require skilled and professional persons to determine its nature and extent, and therefore necessarily had to be proved by the testimony of such persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P.2d 896; Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P.2d 378. Witnesses who qualified to testify on this issue and who appeared for the respondent were Doctors John R. Curry and T. H. Lay. The testimony of the former was to the effect that the disability of the respondent was due to the attack of undulant fever and had no connection with the injury. The testimony of the latter was to the effect that he had first thought that respondent's disability was due to some infection, but that when he was unable to locate any foci of infection, he thereupon thought that the disability could be due to some traumatic condition existing in the respondent's back. Neither of the competent witnesses gave it as his opinion that the injury of August 30, 1937, had any causal connection with the disability which respondent had. Such evidence not only fails to show any causal connection between the injury and the disability, but rather negatives such condition. The finding of the State Industrial Commission to the contrary, therefore, was without any competent evidence to sustain it. Where such condition prevails, the rule to be applied is that stated in Tulsa Rig Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P.2d 777, wherein this court said:

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same."

See, also, Texas Co. v. Fox, 179 Okla. 528, 66 P.2d 908; Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P.2d 1031; Amerada Pet. Corp. v. Elliff, 171 Okla. 38, 41 P.2d 850.

In view of what has already been said,

it will be unnecessary to discuss the other contentions advanced by the petitioner.

Award vacated.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, JJ., concur.