CLAUDE DRILLING Co. et al. v. HORNER et al.

*96 P. 2d 1027.*

No. 28012.  Oct. 24, 1939.

Rehearing Denied Dec. 12, 1939.

62

Butler, Brown & Rinehart, of Oklahoma City, for petitioners.

H. M. Curnutt, of Barnsdall, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On June 17, 1937, the State Industrial Commission in a proceeding then pending before it wherein Thomas L. Horner was claimant and Claude Drilling Company and its insurance carrier were respondents entered an award in favor of said claimant and against said respondents. The respondents brought this action to obtain a review of said award. Prior to the submission of the cause, however, the death of the claimant was suggested and the cause was remanded to the State Industrial Commission, where the award was revived in favor of Eva Horner. The cause has been recertified to this court and now comes on for review of the award on its merits.

The award so made was for temporary total disability and was based upon the following findings of fact by the State Industrial Commission, to wit:

"1. That on July 20, 1935, the claimant was in the employ of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his back.

"2. That the respondent had actual notice of said injury, and therefore was not prejudiced by the failure of the claimant to give written notice within the 30 days as prescribed by the Workmen's Compensation Law.

"3. That the average daily wages of the claimant at the time of said accidental injury was $8 per day.

"4. That by reason of said accidental injury claimant was temporarily totally disabled from the performance of ordinary manual labor from August 15, 1936, to and including December 28, 1936."

The respondents, petitioners here, assign seven specifications of error in said award, which they present under the following propositions:

"1. The order of the commission is contrary to and unsupported by competent evidence.

"a. There is no competent evidence that any disability from which claimant may have been suffering was caused by or aggravated by the alleged accident of July 17, 1935.

"b. There is no competent evidence that the claimant was temporarily totally disabled on August 15, 1936, or December 28, 1936, or on any date between those dates.

"2. The commission erred in excluding competent evidence relevant and material to the defense of this claim. The claimant by testifying to his physical condition past and present, waived the privilege, if any, of the communications to Drs. Wentworth, Alexander and Larrabee."

The first contention advanced by the

petitioners is well taken and must be sustained. The injury for which the claimant sought compensation was of such a character as to require skilled and professional persons to determine its nature and extent, and therefore had to be proved by the testimony of such persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P. 2d 896; Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P. 2d 378. At the hearings held by the State Industrial Commission to determine liability and extent of disability, the sole witness thus qualified to appear for the claimant was Dr. Elias Margo. This witness based his testimony upon examination of the claimant made on December 28, 1936, and the history given him by the claimant of an injury sustained on July 17, 1935, and was to the effect that the claimant had a permanent partial disability of approximately 35 per cent. which could possibly be attributed to the injury which the claimant had told him he had sustained, but nowhere does this witness testify to any temporary disability of the claimant between the dates of August 15, 1936, and December 28, 1936, inclusive. All of the testimony of the witnesses related to a permanent disability. The findings of the commission that the claimant was temporarily totally disabled from August 15, 1936, to December 28, 1936, inclusive, is wholly unsupported by the evidence in the record and is contrary to all of the evidence. Under these circumstances, the award cannot be permitted to stand. As said in the case of Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777:

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same."

To the same effect see Texas Company v. Fox, 179 Okla. 528, 66 P. 2d 908; Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031.

It is unnecessary to discuss the other contentions presented by the petitioners.

Award vacated.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.