CECELIA ANDRICSAK, PETITIONER-RESPONDENT, v. NATIONAL FIREPROOFING CORP., RESPONDENT-PETITIONER.

Argued December 12, 1949—Decided January 9, 1950.

468

*Mr. Joseph Coult, Jr.,* argued the cause for respondent-petitioner (*Mr. Arthur A. Sullivan,* attorney).

*Mr. Isadore Rosenblum* argued the cause for petitioner-respondent.

The opinion of the court was delivered by

OLIPHANT, J. This is a workmen's compensation case in which, on petition by the respondent, certification was granted by this Court to the Appellate Division, under *Rule* 1:5–2(a).

Petitioner's decedent, George Andricsak, was employed by the appellant as a fireman. His work was performed alone in a tunnel below ground. In tending the fires he used a clinker bar about 7½ feet long and weighing between 30 and 40 pounds. A fellow employee of decedent testified that on March 11, 1947, decedent showed him one of his testicles which was enlarged to about the size of a grapefruit and was black and blue, and that decedent told him "that he hit the bar there." Another fellow employee testified that on March 11th decedent was limping and that he showed him the condition of his testicle.

On the same day decedent reported to his superior, a Mr. Harris, that he had sustained an injury and requested an authorization for medical treatment which was given him and which read in part, "Please render bearer, George Andricsak,

such medical and surgical treatment as may be necessary for injury received March 11, 1947. Subject to Workmen's Compensation Act."

Dr. McCormick, the treating physician to whom decedent was sent by the employer, testified decedent told him "that he was hit on the scrotum by an iron bar" * * * "he was hit at the plant." On the advice of the physician decedent was admitted to a hospital, was operated upon the following day for a hydrocele and died two days later.

Compensation was awarded the petitioner in the Bureau, on appeal that judgment was reversed by the Middlesex County Court and on further appeal that judgment was reversed by the Appellate Division. We granted certification on our own motion.

The sole question for our determination is whether or not an award of compensation may be predicated upon proofs which consist solely of hearsay testimony based upon declarations of a decedent to fellow employees and to an attending physician.

The Appellate Division grounded its opinion on the *res gestæ* doctrine as exemplified in *Hunter v. State,* 40 *N. J. L.* 495, 538 (*E. & A.* 1878), and as discussed in *Robertson v. Hackensack Trust Co.,* 1 *N. J.* 304 (*Sup. Ct.* 1949). It held the declarations were properly admissible and that an accident within the meaning of the statute was thereby established. This was error.

The rationale of those cases does not permit, on the facts of the instant case, the introduction of decedent's statements as part of the *res gestæ.* While the time elapsing between the act and the declaration is not of itself the controlling feature, the act must be so naturally and strongly connected as to impress upon the statement the element of truth; the declaration must be made without any element of artificiality; it must be made naturally and not too distant in point of time so that by its very quality and texture it tends to disclose the truth.

Here the evidence seems clear that any injury to decedent's scrotum was received, not on March 11th, but several

days prior thereto. The petitioner's testimony was that her husband showed her his swollen and discolored testicle on Sunday night which, according to the calendar, would have been March 9th, and that he went to work on Monday, March 10th, and on Tuesday, March 11th. Harris said he was not certain on which day decedent spoke to him about the injury but that it was about 2:00 P. M. *before* he was to go to work on his shift. All this negatives any idea of spontaneity as to decedent's declarations. There was ample time for him to reflect and to designedly concoct an artificial statement for his own benefit. The case is barren of any evidence, except for decedent's own statements, to show the event complained of occurred on the day alleged and there was no basis for a finding that his statements were under the stress of a nervous excitement caused by his perception of the event or condition which the statements narrate, describe or explain. They were not made under the impulse of emotion.

If it be that decedent's statements were in this case admissible under the *res gestæ* doctrine then all statements made by one injured to his fellow employees and to his physician, when he consults him after discovering the need of medical attention, are admissible. Such a holding would open the door to misrepresentation of an occurrence and destroy the essence of the *res gestæ* doctrine, which is an exception to the rule against hearsay evidence.

As to the statements in question what was said in *Dobrowolski v. Glowacki,* 136 *N. J. L.* 167 (*E. & A.* 1947), is pertinent and applicable; "But this evidence, offered as part of the *res gestæ,* was merely narrative of what was represented to be a past occurrence, and was therefore essentially hearsay and inadmissible to prove the fact of the occurrence, although admissible to show notice of the asserted accident to the employer in keeping with the statutory policy. The declaration, as proved, lacked the element of spontaneity; it was not exclamatory in character—the undesigned incident or emanation of the alleged happening. The episode, as related, affords no circumstantial guarantee that the declaration was made at a time when the reflective faculties were stilled and

so was not the product of the calculated policy of the actor. It was not made before there had been time to contrive and misrepresent; and it therefore has no probative value."

Decedent's statement to his physician was inadmissible on still another ground. Statements made by an injured person to his physician for the purpose of treatment and diagnosis, such as those relating to his symptoms and feelings, are admissible in evidence, but those made as to the cause of the injury or where it occurred are inadmissible. *Helminsky v. Ford Motor Co.*, 111 *N. J. L.* 369 (*E. & A.* 1933).

As to the authorization for medical treatment, which in the Bureau was received in evidence as an admission against interest, this could only have the effect of notice of the alleged accident. The furnishing of medical treatment to an employee is not in itself an admission of liability on the part of an employer and further no evidence is in the record to show by whom the authorization was signed or that it was made by an authorized agent of the employer.

The Workmen's Compensation Bureau is not bound by technical rules of evidence but it must determine the substantial rights of the parties from competent evidence, and while hearsay testimony may be received there without necessarily resulting in reversal, it cannot, as in the case *sub judice*, form the basis for an award of compensation. *Helminsky v. Ford Motor Co., supra.*

The judgment here was entered June 15, 1948, before the effective date of the Judicial Article of the new Constitution. There being legal error our decisions in *Grant v. Grant Casket Co.*, 2 *N. J.* 15 (*Sup. Ct.* 1949), and *Jochim v. Montrose Chemical Co.*, 3 *N. J.* 5 (*Sup. Ct.* 1949), do not control.

The judgment of the Appellate Division is reversed and that of the Middlesex County Court reinstated.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For affirmance*—Justice WACHENFELD—1.