LIBBY, McNEILL & LIBBY v. ALASKA INDUSTRIAL BOARD et al.

No. 6200–A.

United States District Court. D. Alaska.
First Division. Juneau.

Feb. 9, 1950.

R. E. Robertson, Juneau, for plaintiff.

J. Gerald Williams, Atty. Gen. of Alaska, John Dimond, Asst. Atty. Gen. of Alaska, Henry Roden, Juneau, for Lathourakis.

FOLTA, District Judge.

This is a proceeding to set aside an award of the Alaska Industrial Board to the defendant Lathourakis for temporary and partial permanent disability.

On July 16, 1948, Lathourakis was injured in a collision between his fishing boat and a scow, sustaining severe injuries to his chest and arm. Upon being extricated from the position in which he had been pinned, he took a drink of gin, but vomited. Thereafter, he was unable to swallow solid food, was hospitalized and on July 23rd flown to Seattle for further treatment. The examination made there indicated cancer of the esophagus. On October 11, 1948 an operation was performed which involved the removal of a rib and the opening of the chest, a lung was collapsed, the diaphragm was split, the position of the stomach was changed by elevating it up to the middle third of the esophagus and the two were sewn together. The diaphragm was then sewn to the side of the stomach and the stomach itself to the vertebral column and the chest wall. While the esophagus was found to be abnormal, there was no evidence of cancer.

On September 28, 1949, the Board allowed Lathourakis $3,833.15 for temporary disability to May 20, 1949. The Board also found that his permanent disability consisted of residual weakness in his right hand, lack of stamina and endurance, shortness of breath and difficulty in performing any manual labor due to the restricted diet necessitated by the condition of his esophagus and awarded him $3,600 for 50% permanent disability.

The plaintiff contends:

(1) That there was no competent evidence of temporary disability to May 20, 1949, or of permanent disability.

■■■■■

(2) That permanent disability, if any, resulted from the operation necessitated by a condition of the esophagus which was congenital and, hence, wholly unrelated to the injuries; and

(3) That fairly construed, the statute does not authorize the cumulation of allowances for temporary and permanent disability.

■■■ The first contention is based on the fact that the expert medical evidence submitted on behalf of the defendant Lathourakis consisted of unsworn affidavits, inadmissible as hearsay and directly contradicted by the plaintiff's medical testimony. Undoubtedly an award based solely on hearsay cannot stand and so the next inquiry is whether the remaining evidence consisting of the testimony of the defendant Lathourakis and his witnesses is sufficient to sustain the findings of the Board as to temporary and permanent disability. Plaintiff contends, so far as permanent disability is concerned, that it is insufficient under the rule that lay witnesses are incompetent to testify to the cause of disability. It may be that neither the defendant Lathourakis nor his witness is competent to testify that the condition of the esophagus or its aggravation resulted directly from the injury, but the testimony of the defendant himself, as to his condition before, immediately after and since the injuries were sustained, is competent, and from this, in connection with evidence reciting the sequence of events, the Board was authorized to infer—expert testimony to the contrary notwithstanding—that there was a causal relation between the injuries and the condition of the esophagus, regardless of whether the condition was congenital and, therefore, merely aggravated, or the esophagus was directly injured. The evidence in this case would appear to clearly sustain plaintiff's view that there was no such causal connection, but the Court is not permitted to weigh the evidence, nor may it, because the evidence is susceptible of contrary or other inferences, usurp the fact finding prerogative of the

Board. Contractors v. Pillsbury, 9 Cir., 150 F.2d 310; Western & Atlantic Railroad Company v. Gardner, 74 Ga. App. 599, 40 S.E.2d 672, 675; Ballenger v. Southern Worsted Corporation, 209 S.C. 463, 40 S.E.2d 681, 682; and any doubt must be resolved in the claimant's favor. Liberty Mutual Insurance Company v. Hoage, 62 App.D.C. 189, 65 F.2d 822, 824. So far as the period of temporary disability is concerned, while the evidence is far from satisfactory, the Court cannot say that it is insufficient.

■ The remaining contention that allowances for temporary and permanent disability may not be cumulated, is based upon an analysis and reconstruction of the Workmen's Compensation Statute, Sections 43-3-1 to 39, A.C. L.A.1949, which though plausible, appears to rest largely on conjecture and speculation as to legislative intent. It may be granted that the language of the act is somewhat inapt, ambiguous and inconsistent and that it encourages malingering for the purpose of prolonging temporary disability payments, but in my opinion it is not reasonably susceptible of the construction urged by plaintiff, and in any event, doubts must be resolved in favor of the employee.

■ Plaintiff also urges that in determining defendant's earning capacity, the Board erroneously added $1,500, representing the amount that the defendant testified he had earned in self-employment during the first four months in 1948 and which he could have earned in the employ of another had he not chosen to work on his own fishing boat, to $5,300, the amount of his earnings in 1947. On behalf of the defendant, it is argued that this item of $1,500 represents the exemptions allowed under the Federal Income Tax Law for 3 dependents. An examination of the evidence, however, wholly fails to sustain defendant's contention and, hence, the Court is of the opinion that the Board misapplied the law in thus adding the value of the defendant's services in self-employment outside of the year 1947 to the earnings for that year, especially since his earnings for that year appear to be typical.

590

■■ Plaintiff also contends that there should be deducted from the award for temporary disability, the sum of $1,724.08 paid to the defendant under a provision of the contract of employment apparently requiring payment of wages or earnings for the remainder of the fishing season regardless of any disability incurred in the meantime. But since the contract was not introduced in evidence by the plaintiff, the Court cannot find that defendant's right to receive the remainder of his pay did not accrue on the date of his injury. Indeed, in the absence of such evidence, the Court cannot consider this point.

It also appears that as a result of errors in computation, $1,050.80 paid previously to the award was not deducted and the period of temporary disability was computed at 315 instead of 307 days. Since these are mere mathematical errors which the parties indicated would be corrected, it is unnecessary to discuss them.

It is the opinion of the Court that the award should be modified as pointed out and that, as so modified, it should be affirmed.

■■■

70 S.Ct. 493
**UNITED STATES SMELTING, REFINING & MINING COMPANY et al., petitioners, v. Emma Grace LOWE.   No. 489.**

Supreme Court of the United States.
Feb. 13, 1950.