SWIFT & CO. et al. v. BROWN et al.

No. 34113. March 14, 1950.
Rehearing Denied March 28, 1950.

*216 P. 2d 294.*

Butler & Rinehart and David J. Morrison, all of Oklahoma City, for petitioners.

Hillhouse & Wilcoxen, of Muskogee, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Swift & Company and its insurance carrier to review an award of the State Industrial Commission made to William E. Brown, claimant. The award is for $238 and medical expenses incident thereto for temporary total disability resulting from an accidental injury.

Claimant was a chicken packer in the meat packing department of Swift & Company in Muskogee, Oklahoma. He testified that on the 8th day of November, 1948, at approximately 5:30 p.m., while packing crates of iced chickens and loading the crates on floats, he felt a sharp pain in the region of the scrotum. These crates weighed between 90 to 110 pounds and were stacked seven high on the floats. He told his foreman and fellow employees that he had hurt himself and was going home. It was customary for the employees in this department to work until 7:30 p. m., or even later when necessary to complete the job of packing and loading. He went home and went to bed, and the next morning was seen by Dr. Kaiser who sent him to the hospital. He was first examined by Dr. Oglesbee who called in Dr. E. M. Henry who performed an operation on the scrotum. He was in the hospital for four weeks. His operation was successful and the recovery is complete.

Dr. Kaiser and Dr. Oglesbee filed reports for respondent. Claimant's physical condition as described by these two doctors is substantially the same as that described by Dr. E. M. Henry, who filed a report for claimant. Neither of the physicians in their reports filed for respondent attempted to state the cause of claimant's condition. Neither the report of Dr. Oglesbee nor Dr. Kaiser suggests whether they inquired if claimant had sustained an accidental injury except the statement in the report of Dr. Kaiser that upon his inquiry as to whether claimant had been injured or bitten by an insect claimant answered no. Dr. Kaiser saw claimant but one time and did not treat him. Neither of these physicians gave any history of an accidental injury. None of the three physicians testified at the trial. Dr. Oglesbee gave the cause of the condition as unknown. Dr. Henry's report is as follows:

"I first saw and rendered professional attention to Mr. E. M. Brown at about 1 A. M. on November 10th. I was called by Dr. Oglesby and Mr. Brown was confined to The Muskogee General Hospital. Mr. Brown was stuperious but not in coma and when roused was rational.

"This man gave me the following history: He said that the day before or in the afternoon of Nov. 8th that he became ill while working. He said that he commenced to have chills, followed by pain in his legs and scrotum and then developed nausea and vomiting which forced him to quit work. This was the extent of his history. His wife was present.

"Examination revealed him to be quite toxic scrotum was swollen the

size of a large grapefruit. Lower half was blackish purple and excoriated (skin beginning to slough) The testicles were apparently normal, prostate normal. There was no swelling of penis or perineal area. He was catherised with an Feo catheter and there was no evidence of stricture and there was no residual urine. My tentative diagnosis was urinary extravossation.

"Ordinarily this condition is either due to injury or disease. Ordinarily injury would have to be severe and forceful except possibly in event of a pre-existing weakness. Stricture is the usual cause and probably causes 90% of the cases of this condition. This man did not have a stricture.

"This condition can also come on spontaneously from no apparent or known cause, as in Mr. Brown's case, where there is no definite history either of disease or of injury.

"E. M. Henry, M. D. (Signed)".

The sole contention presented by the petitioner is that there is no competent evidence reasonably tending to support the award for the reason there was no medical testimony that the disability was the result of an accidental injury. Petitioner relies upon the rule announced in Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. 2d 1019; Hollis v. Mid-Continent Petroleum Corp., 174 Okla. 544, 51 P. 2d 498; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Superior Smokeless Coal Co. v. Curott, 163 Okla. 191, 21 P. 2d 739; Texas Co. v. Fox, 179 Okla. 528, 66 P. 2d 908, and several other related cases.

In each of these cases the rule is applied. It is announced to sustain the finding as in Hollis v. Mid-Continent Petroleum Corp. and Skelly Oil Co. v. Rose, supra, and to vacate an award as in Texas Co. v. Fox, supra. We have made a complete and careful analysis of the fact situation in each of these cases cited, and a recitation of facts in each case would not be helpful. They are readily distinguishable from the case at bar.

Under the facts and circumstances of this case, we believe that the medical evidence is sufficient to sustain the award. The medical reports of all these physicians reveal a well developed and healthy young man, 31 years of age, who had no previous illness more serious than a cold. Neither of the doctors who filed reports for the respondent suggested any cause for the disability other than an accidental injury. Although Dr. Henry was not given a statement or history of the accidental injury by the claimant, the State Industrial Commiission had a complete description of the injury by claimant and of the sequence of events leading up to the disability, and Dr. Henry stated the disability was not due to the usual cause, to wit: stricture. But the statement of Dr. Henry that injuries such as claimant's are due either to accident or disease, and that claimant's disability is not due to disease, is evidence of the fact that it was due to accident. The evidence, although not categorical, reasonably informs the State Industrial Commission that there is a disability due to an accidental injury sustained by the employee during his employment. That is sufficient. City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094; Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. 2d 378; Burch v. Slick, 167 Okla. 639, 31 P. 2d 110. The physician's reports, supported by claimant's testimony as to his accident and the rapid development of a condition in his injured parts which necessitated an operation within two days thereafter, are sufficient to sustain the award. This is especially true since there is no evidence of any intervening incident which might have caused the injury.

In Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. 2d 450, under circumstances in some respects similar to the case at bar, the court stated in the syllabus:

"An award of the State Industrial Commission will not be disturbed by

this court where there is competent evidence reasonably tending to support the same."

Award sustained.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. LUTTRELL, J., dissents.