WISCONSIN TELEPHONE COMPANY, Respondent, vs. INDUS-TRIAL COMMISSION and another, Appellants.

*February 6—March 3, 1953.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there was a brief and oral argument by *Chester F. Krizek* of Milwaukee.

CURRIE, J.    This appeal presents the question of whether there was any competent testimony upon which the commission could base its finding that the employer was liable for the expense of removing its employee Kingsley's teeth. Sec. 102.42 (1), Stats. 1947, provides in part as follows:

"The employer shall supply such medical, surgical, and hospital treatment, medicines, medical and surgical supplies, crutches, artificial members, and appliances . . . *as may be reasonably required to cure and relieve from the effects of the injury,* and in case of his neglect or refusal seasonably to do so, or in emergency until it is practicable for the employee to give notice of injury, the employer shall be liable for the reasonable expense incurred by or on behalf of the employee in providing the same. . . ."    (Emphasis supplied.)

There is no medical testimony whatever in the record that the removal of Kingsley's teeth was *"reasonably required to cure and relieve from the effects of the injury."* Dr. Kelley, the attending physician, was not called to testify, nor was any verified medical report of Dr. Kelley offered·in evidence in behalf of claimant as authorized by sec. 102.17 (1) (as), Stats. Dr. Thomas, the attending orthopedic specialist, testified that he did not recall having had anything to do with advising Kingsley to have his teeth removed, and that he was never under the impression that the removal of the teeth had anything to do with Kingsley's ankle joint. Dr. Thomas further testified that out of a group of 20 orthopedic specialists there are one or two that think that the removal of infected teeth may have something to do with healing broken

joints, but that he personally does not think it probable that infected teeth retard healing.

Kingsley on direct examination testified:

"In January of 1950 Dr. Kelley advised me to go to the hospital and have my teeth removed. He felt that my leg would have quicker healing."

Employer's counsel immediately objected to the witness testifying as to what Dr. Kelley "felt or thought." The objection was sustained. Thereafter, in cross-examination, the following question was asked, and the following answer given:

"Q. Mr. Kingsley, isn't it a fact that before you went to the hospital and had your teeth removed you were not aware of why you were going to the hospital? A. No, sir. At that time Dr. Kelley advised me that if I had my teeth pulled he thought it would help the healing power of my leg, thought that that would get better fast."

There was no objection to this latter answer, or any motion to strike. Kingsley also testified that prior to going to the hospital on the occasion when his teeth were removed Dr. Kelley had taken X rays of his teeth and had told him that he had "two" that were infected.

In *Beem v. Industrial Comm.* (1943), 244 Wis. 334, 337, 12 N. W. (2d) 42, this court stated:

"The proof under which the Industrial Commission is to act must be based on *competent legal evidence,* and must amount to something more than a mere guess, conjecture, or surmise." (Emphasis supplied.)

Likewise in the decision in *Creamery Package Mfg. Co. v. Industrial Comm.* (1933), 211 Wis. 326, 332, 248 N. W. 140, it was stated:

". . . nevertheless, a reversal may be inevitable *when there is no competent evidence introduced* as to a fact which must be established in order to support an essential finding (*Inter-*

*national Harvester Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53), . . . ." (Emphasis supplied.)

The expression "competent evidence" also was used by this court in *Vilter Mfg. Co. v. Industrial Comm.* (1927), 192 Wis. 362, 365, 212 N. W. 641, and *Gomber v. Industrial Comm.* (1935), 219 Wis. 91, 93, 261 N. W. 409, in discussing the type of evidence necessary to support a finding by the Industrial Commission.

Is hearsay testimony competent evidence to sustain a finding of the Industrial Commission on court review? In the decision in *Milwaukee E. R. & L. Co. v. Industrial Comm.* (1936), 222 Wis. 111, 115, 267 N. W. 62, the statement is made that whether findings of the Industrial Commission may be sustained if they rest upon pure hearsay has never been decided by this court. This statement, however, we now discover to have been erroneous because such point was decided in *Lloyd-McAlpine L. Co. v. Industrial Comm.* (1926), 188 Wis. 642, 206 N. W. 914 (a workmen's compensation case), in an opinion written by Mr. Justice Eschweiler, wherein it was stated (p. 648):

"Hearsay was recognized as improper and insufficient in *A. Breslauer Co. v. Industrial Comm.* 167 Wis. 202, 205, 167 N. W. 256. So far, therefore, as the testimony of Superintendent Allen was of the nature of hearsay, it cannot be the basis of a finding. Respondents cite *Shell Co. v. Industrial Acc. Comm.* 36 Cal. App. 463, 172 Pac. 611, and *Perry v. Industrial Acc. Comm.* 180 Cal. 497, 181 Pac. 788, upholding the admission of hearsay testimony. These decisions, however, were under statutes expressly authorizing such departure from the ordinary rules of procedure."

The attorney general, in his brief in behalf of appellants, contends that even though the testimony of Kingsley to the effect that Dr. Kelley had advised him to go to the hospital and have his teeth removed because the doctor thought it would help the healing of the leg, was hearsay, nevertheless,

it was entitled to be given its natural probative effect, as if it were in law admissible, because of the failure of counsel to object to the answer given by Kingsley in cross-examination. However, we find it unnecessary to pass on this question of waiver, as we prefer to ground our decision upon the broad principle that only expert medical testimony is competent testimony to establish that treatment, such as removal of teeth in this instance, is *"reasonably required to cure and relieve from the effects of the injury."* If the claimant employee wishes to avoid the costs of calling a physician as an expert witness at the hearing on his application before the commission, he has the privilege of availing himself of the provision of sec. 102.17 (1) (as), Stats., which makes the contents of a verified medical or surgical report presented by claimant to constitute *prima facie* evidence as to the matter contained therein.

We believe that the conclusion reached, that only expert medical testimony is competent in workmen's compensation cases to prove that certain treatment is *"reasonably required to cure and relieve from the effects of the injury,"* is required by reasons of sound public policy. Lay witnesses are not competent to give testimony as to whether medical or dental treatment is required to effect a cure or to promote healing. This being so, hearsay testimony of a lay witness, that a physician had advised certain treatment as being reasonably required to cure and relieve the effects of the injury, should not be permitted to constitute credible competent evidence to sustain a finding of the Industrial Commission, any more than would hearsay testimony of a witness that his physician had diagnosed his injuries to be such and so.

Having concluded that the hearsay testimony of Kingsley is not competent evidence upon which to sustain a finding that the removal of his teeth was reasonably required to cure and relieve the effects of his injuries, the only remaining evidence on this point is that of Dr. Thomas. Dr. Thomas'

testimony, that a small minority of orthopedic surgeons believe the removal of infected teeth can be beneficial to the healing of fractured joints, cannot sustain the commission's finding, which is here under attack, because there is no competent evidence that Kingsley's teeth were infected. The only testimony in the record as to Kingsley's teeth having been infected is his own testimony that but two of his teeth were infected, and that testimony is not competent because based upon what Dr. Kelley told him an X ray disclosed.

The brief of the attorney general advances as a further reason for sustaining the finding of the commission that, because Dr. Kelley was listed upon the employer's panel of physicians, this made Dr. Kelley the employer's agent so that the employer would be liable for any treatment ordered by such physician. No cases are cited in support of such contention of agency, nor are any persuasive reasons advanced why we should hold as a matter of law that a physician listed upon an employer's panel under the Workmen's Compensation Act *ipso facto* becomes the agent of the employer. Under sec. 102.42 (3), Stats., the injured employee has the right to select his own physician from a panel of doctors named by the employer, and in practice the commission exerts pressure from time to time upon employers to enlarge their panels of physicians so as to give the employee a wide scope of selection. This all tends to negative the idea that because a physician happens to be listed upon such a panel he thereby becomes the agent of the employer. Furthermore, if it had been the intention of the legislature to require the employer to pay for all treatment, medicines, supplies, etc., which are prescribed by a panel physician, it would have so provided in sec. 102.42 (1), instead of making liability dependent solely upon whether the treatment, medicines, supplies, etc., are *"reasonably required to cure and relieve from the effects of the injury."*

*By the Court.*—Judgment affirmed.