**G. T. HARVEY COMPANY and Hartford Accident and Indemnity Company, Petitioners,**

**v.**

**James M. STEELE and State Industrial Commission of State of Oklahoma, Respondents.**

**No. 38461.**

Supreme Court of Oklahoma.

Nov. 3, 1959.

Rehearing Denied Dec. 15, 1959.

John B. McCaleb, Fenton & Fenton, Oklahoma City, for petitioners.

Cargill, Cargill & Chiaf, Oklahoma City, Don Welch, Jr., Edwin W. Dudley,

**804**

Joseph O. Minter, Madill, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding in this court brought by G. T. Harvey Company, employer, and its insurance carrier, petitioners, to obtain a review of an award of the State Industrial Commission in favor of James M. Steele, respondent, hereinafter called claimant, finding that claimant sustained an accidental personal injury to his back arising out of and in the course of his hazardous employment with petitioner Harvey, and ordering petitioners to pay to claimant temporary total disability compensation and to furnish such medical attention as may be necessary. Claimant was a traveling salesman who did not perform manual or mechanical duties. It was stipulated, however, that his employment was scheduled for the computation of premiums on Workmen's Compensation Insurance, so that petitioner is estopped to deny that claimant was engaged in a hazardous activity at the time of the alleged injury. Title 85 O.S.1951 § 65.2 et seq.

On December 16, 1956, claimant was employed by petitioner Harvey as a pharmaceutical salesman, and was assigned a territory consisting of the entire State of Louisiana. About March 1, 1957, he was assigned an additional territory consisting of the eastern part of the State of Texas. One morning in the early part of July, 1957, he left a tourist court at Tyler, Texas, to make his calls, got in his car and drove for five or fifteen minutes when a bad cramp developed in his left leg, so that he couldn't move his leg, and had to turn off the ignition in order to stop the car. He continued to have difficulty while driving until November 24, 1957, when he quit his job with petitioner Harvey, and had not worked regularly since, up to the date of the hearing. Medical evidence adduced at the hearing indicated that he probably had intervertebral disc pathology, and claimant contends that this condition resulted from excessive driving in the employ of petitioner Harvey.

Petitioners contend that claimant did not sustain an accidental personal injury within the meaning of the Workmen's Compensation Act because the first symptoms of his disability occurred while he was driving his automobile in a normal manner and his body was not at the time subjected to any unusual strain or exertion; and that there is no competent evidence to support the finding that claimant's disability was caused by the alleged accidental injury.

■ This court has held that an accidental injury within the meaning of the Workmen's Compensation Act need not have resulted from one particular event, but may be the cumulative effect of trauma occurring at different times over an extended period. Acme Material Company v. Wheeler, Okl., 278 P.2d 234.

■ We have carefully reviewed the record in connection with petitioner's second contention, however, and find no competent medical evidence connecting claimant's disability with the alleged accidental injury.

■ The rule is well-settled that where disability for which compensation is sought is of such character as to require skilled and professional persons to determine its nature, cause and extent, proof thereof must be made by the testimony of such persons, and if not so made, the award is without support of competent evidence. Four States Oil and Gas Company v. Brecht, Okl., 290 P.2d 422; Armour & Co. v. Worden, infra; Claud Drilling Co. v. Horner, 186 Okl. 61, 96 P.2d 1027.

The only competent medical evidence in the record consists of the written reports of Dr. F. and Dr. M. Although both doctors are in substantial agreement as to claimant's condition, neither doctor gives an opinion that claimant's condition was caused by the alleged accidental injury, or to any injury. Dr. F. whose report was offered by claimant states, in pertinent part, as follows:

"This patient has a low back difficulty involving the nerve root. The con-

dition suggests neuritis probably originating from disc disease at the lumbosacral junction * * *"

Dr. M., whose report was offered by petitioner, states, in part:

"There is no indication that the condition is accidental or occupational in origin."

In Veale Electric Co. v. Carmichael, 205 Okl. 287, 237 P.2d 457, 458, claimant sought compensation for a hernia allegedly resulting from an injury. At page 459 of 237 P.2d of the opinion, this court said,

"In the case at bar, since neither of the physicians stated that the injury sustained by respondent * * * resulted in a hernia or that the hernia in fact was caused by injury, there is no competent evidence upon which to sustain the finding and award of the Commission. * * *

"Respondent relies upon his own evidence to sustain the award. His evidence, however, unaided by medical testimony as to the cause of hernia, is insufficient to sustain the finding of the Commission that the hernia was caused by the accident of February 28, 1950. * * *."

■ We are mindful of the rule cited by respondent that the testimony of medical experts need not be given categorically, and when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission, this court will not disturb such finding. In Baker v. Harris, Okl., 302 P.2d 129, and Nu-Way Laundry & Cleaners v. State Industrial Commission, 194 Okl. 101, 147 P.2d 795–796, cited by claimant, there was medical testimony reasonably tending to connect the disability with the injury. In Swift & Company v. Brown, 202 Okl. 572, 216 P. 2d 294, also cited by claimant, the doctor ruled out disease as a cause of claimant's condition. In the case at hand, however, there is an entire absence of medical evidence tending to establish that claimant's condition was of traumatic origin, and particularly that it was caused by the alleged

injury, other than claimant's testimony that he went to a doctor D. in Shreveport, who told claimant that claimant had a disc and that he attributed it to driving.

We are thus presented with the question, which has not heretofore been decided by this court, of whether hearsay testimony is competent evidence to sustain a finding and award of the State Industrial Commission.

In Texas Co. v. Fox, 179 Okl. 528, 66 P.2d 908, 909, it is stated:

"* * * We have said that where the nature of the injury is such as has to be proved by expert medical testimony the record must contain such testimony which can be declared *competent* evidence of the accidental injury which results in the disability * * *." (Emphasis supplied.)

In Continental Baking Co. v. State Industrial Commission, Okl., 271 P.2d 379, 381, the rule is stated:

"Although a liberal construction should be placed on the Workmen's Compensation Act, it is necessary that there be *competent* evidence upon which to base a finding of an accidental personal injury, arising out of and in course of employment." (Emphasis supplied.)

The question of whether hearsay medical testimony is competent to support a compensation award was raised in Wisconsin Telephone Co. v. Industrial Commission, 263 Wis. 380, 57 N.W.2d 334. In that case, the sole medical evidence relied upon to support the award was the testimony of claimant that he had consulted a doctor, who told him that his condition was due to the injury, which testimony was not objected to or moved to be stricken. At page 336 of 57 N.W.2d of the opinion, the Wisconsin Appellate Court stated, as follows:

"In Beem v. Industrial Comm., 1943, 244 Wis. 334, 337, 12 N.W.2d 42, 43, this court stated:

" 'The proof under which the Industrial Commission is to act must be

based on *competent legal evidence,* and must amount to something more than a mere guess, conjecture or surmise.' (Emphasis supplied.)

"Likewise in the decision in Creamery Package Mfg. Co. v. Industrial Comm., 1933, 211 Wis. 326, 332, 248 N.W. 140, 143, it was stated:

"'* * * nevertheless, a reversal may be inevitable *when there is no competent evidence introduced* as to a fact which must be established in order to support an essential finding (International Harvester Co. v. Industrial Comm., 157 Wis. 167, 147 N.W. 53 * * *.'" (Emphasis supplied.)

And at page 337 of 57 N.W.2d of the opinion:

"* * * Lay witnesses are not competent to give testimony as to whether medical or dental treatment is required to effect a cure or to promote healing. This being so, hearsay testimony of a lay witness, that a physician had advised certain treatment as being reasonably required to cure and relieve the effects of an injury, should not be permitted to constitute credible competent evidence to sustain a finding of the industrial commission, *anymore than would hearsay testimony of a witness that his physician had diagnosed his injuries to be such and so.*" (Emphasis supplied.)

For cases from other jurisdictions holding that hearsay testimony is incompetent and insufficient to support a workmen's compensation award, see Plyler v. Charlotte Country Club, 214 N.C. 453, 199 S.E. 622; Andricsak v. Nat. Fireproofing Corp., 3 N.J. 466, 70 A.2d 750; Libby, McNeill & Libby v. Alaska Industrial Board, 12 Alaska 584, affirmed 9 Cir., 191 F.2d 262, certiorari denied 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683.

■ We are persuaded to the opinion, for reasons of sound public policy, that testimony of a lay witness as to what a doctor told him concerning the nature, cause and extent of his disability does not constitute "expert medical testimony" within the meaning of the Workmen's Compensation Act, is incompetent hearsay and legally insufficient to support a finding and award of the State Industrial Commission.

■ Since there is an entire absence of competent medical testimony to support the material finding of the Industrial Commission that claimant sustained an accidental injury, the award must be vacated as a matter of law. Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173; Texas Co. v. Fox, supra; Claud Drilling Co. v. Horner, 186 Okl. 61, 96 P.2d 1027; Taton v. Dunlap, 184 Okl. 319, 87 P.2d 321. However, since the hearsay testimony in question apparently was relied upon by claimant and the commission to support the award, and inasmuch as respondent failed to object to its admission, we think the case should be remanded for further proceedings.

Award vacated and case remanded for further proceedings.