CHROMALLOY–AMERICAN, OKLAHO-
MA DIVISION, and the Home Insurance
Company, Insurance Carrier, Petitioners,

v.

Harold G. WRIGHT, Aetna Casualty and
Surety Company and State Industrial
Court, Respondents.

No. 50302.

Supreme Court of Oklahoma.

May 17, 1977.

As Amended July 18, 1977.

H. A. Bud Carter, Oklahoma City, for
petitioners.

Howell, Webber & Sharpe, Midwest City,
for respondent, claimant.

William W. Wiles, Jr., Oklahoma City, for
respondent Aetna Casualty and Surety Co.

Larry Derryberry, Atty. Gen., State of
Oklahoma, for respondent State Industrial
Court.

WILLIAMS, Justice.

The issue presented for review concerns
correctness of an order finding respondent,
hereinafter claimant, sustained accidental
personal injury June 7, 1976, consisting of
back injury which aggravated preexisting

condition. This finding was basis for awarding a 300 week temporary total order against respondent, Home Insurance Company, the insurer on date of alleged accidental injury.

Claim for compensation filed by claimant's counsel alleged injury August 6, 1974. The record also includes another Form 3, filed by claimant individually, alleging another injury June 7, 1976. At the hearing the court allowed amendment of claim to allege injury June 7, 1976 over respondent Home Insurance Company's objection this was a separate claim. The trial judge noted the real issue was which of two insurers was responsible upon determination whether claimant sustained a new injury (on June 7, 1976) or aggravation of an injury.

Claimant had sustained a low back injury in June 1973 which necessitated treatment and disc surgery. He was paid some 13 weeks temporary total, and 15% permanent partial compensation by Aetna Casualty and Surety Company, Chromalloy's then insurance carrier. The claim for permanent partial disability was settled by Form 14 agreement and claimant returned to work, although suffering limitation of movement and constant pain.

While lifting heavy boxes on August 6, 1974 claimant sustained further injury in same location and thereafter received continuing treatment for eleven months from an associate of physician who had performed surgery in 1973, to whom claimant had been referred by respondents' doctor. Aetna paid compensation for this disability until claimant was released (eleven months until July 1975) for return to light work.

Claimant testified he suffered continuous back problems and pain, never obtained relief from 1973 surgery, and had a low back problem in the same place, which was aggravated by lifting. Relating the June 7, 1976 incident, claimant testified the lower back kept getting worse with more pain, inability to sleep, bathe or dress without assistance, until the foreman was advised claimant had to see a doctor because it got so bad he couldn't stay any longer. Responding to court's questioning, claimant testified that on June 7, 1976 he had not fallen, but was lifting boxes and his back got worse until unable to bend or lift, and was suffering constant pain which had been present all the time. After returning to work in July 1975 claimant had continued under scheduled treatment, and had an appointment on June 6, 1976 (which the physician did not keep, being out of town).

The court's questioning also brought out that when seen by Dr. F. on June 14, 1976 claimant inquired whether this was a new injury, and was advised it was an old injury at site of 1973 surgery.

The trial court found claimant sustained accidental personal injury to the back on June 7, 1976, which was an aggravation of pre-existing condition. A 300 week order for temporary total benefits and necessary medical treatment was entered against respondent, The Home Insurance Co. the insurance carrier at that time.

Aetna presents no argument in support of this order, but rather in the trial tribunal conceded liability for compensation if claimant's condition resulted from recurrence of original injury. Claimant has moved for early determination as to whether claimant sustained a new injury or a recurrence, in order that the cause may be remanded and compensation ordered paid by the company liable therefor.

Many decisions involving this issue have presented situations in which an employee sustained successive injuries during work with two different employers. *Tippett & Bond v. Moore*, 167 Okl. 636, 31 P.2d 583; *Deep Rock Oil Corp. v. Betchan*, 169 Okl. 42, 35 P.2d 905, 102 A.L.R. 786; *Sutton & Sutton v. Courtney*, 203 Okl. 590, 224 P.2d 605; *Pure Oil Co. v. Bartell* (Okl.), 317 P.2d 742. Other decisions have dealt with question when successive injuries occurred while working for the same employer. See *N. Y. Indemnity Co. v. Miller*, 163 Okl. 283, 22 P.2d 107, and cases reviewed.

■ Under either circumstance the question whether disability should be attributed to the first accident or the second injury depends upon whether the second injury

was a recurrence of the initial injury, or the result of an independent and intervening cause. *Hall v. Howard Johnson of Oklahoma, Inc.* (Okl.), 297 P.2d 560.

 Elementary precepts declare when disability is of a character to require expert professional testimony to determine cause and extent, the question is one of science and must be proved by expert testimony. In absence of this expert testimony establishing cause and extent of injury, evidence is insufficient to sustain a finding of accidental injury resulting in disability. *Claude Drilling Co. v. Horner*, 186 Okl. 61, 96 P.2d 1027.

Not only was claimant's testimony contrary to the conclusion a new injury occurred as a result of an independent, intervening cause, but no medical evidence supported the finding claimant's disability resulted from such occurrence. The medical evidence not only failed to connect injury and disability with an incident on June 7, 1976, but positively negated such conclusion, by attributing claimant's condition to the initial (1973) injury.

When reviewing State Industrial Court orders and awards Supreme Court does not weigh conflicting evidence to determine preponderance thereof, but examines the record only to ascertain whether there is any competent evidence to support the finding reviewed. *City of Oklahoma City v. Lindsey* (Okl.), 549 P.2d 81. Where no competent evidence supports a material fact in issue before State Industrial Court the matter becomes a question of law determinable by Supreme Court on review. *Campbell v. State Industrial Court* (Okl.), 519 P.2d 510. An award by State Industrial Court unsupported by any competent evidence will be vacated on review. *Sooner Co-op, Inc. v. Koop* (Okl.), 540 P.2d 572; *White v. Kitty Clover Co.* (Okl.), 409 P.2d 637.

No competent evidence supports the finding claimant sustained accidental personal injury on a date when the employer's present insurer (Home) maintained compensation coverage. The award accordingly is vacated and the cause remanded.

Award vacated and remanded.

All Justices concur.