CRAMER, Appellant, v. THEDA CLARK MEMORIAL
HOSPITAL, Respondent.*

*No. 160. Argued October 30, 1969.—Decided December 2, 1969.*
(Also reported in 172 N. W. 2d 427.)

* Motion for rehearing denied, with costs, on February 3, 1970.

148

For the appellant there was a brief by *Schaller & Giese* and *Edmund P. Arpin*, all of Neenah, and oral argument by *Mr. Charles E. Schaller* and *Mr. Arpin*.

For the respondent there was a brief by *Fulton, Menn & Nehs*, attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson*.

HALLOWS, C. J.   In his decision granting the directed verdict, the trial judge was of the view the plaintiff was required to produce expert evidence to establish a standard of care for hospitals in the same area.  Over the plaintiff's objection, the defendant offered some expert opinions of the care in other hospitals.  The issue is now presented whether the alleged negligence and standard of care of a hospital must, like in malpractice cases, be proved by expert testimony.

Courts generally make a distinction between medical care and custodial or routine hospital care.  The general rule is that a hospital must in the care of its patients exercise such ordinary care and attention for their safety as their mental and physical condition, known or should have been known, may require.  This rule is the subject of Wis J I—Civil, Part I, 1385, but the words "reasonable care" used therein should be understood to mean ordinary care.  If the patient requires professional nursing or professional hospital care, then expert testimony as to the standard of that type of care is necessary.  This is usually done by establishing the care given in similar circumstances by hospitals in the area.  But it does not follow that the standard of all care and attention rendered

by nurses or by a hospital to its patients necessarily require proof by expert testimony. *See* Annot. 70 A. L. R. 2d 377. The standard of nonmedical, administrative, ministerial or routine care in a hospital need not be established by expert testimony because the jury is competent from its own experience to determine and apply such a reasonable-care standard. We have today in *Schuster v. St. Vincent Hospital,* ante, p. 135, 172 N. W. 2d 427, pointed out that ordinary care and reasonable care are identical in hospital cases. What an ordinarily prudent hospital or employee-nurse would do under any circumstances is the standard of ordinary care and therefore reasonable.

This court has long distinguished between matters of common knowledge and those needing expert testimony to explain and has held that expert testimony should be adduced concerning matters involving special knowledge or skill or experience on subjects which are not within the realm of the ordinary experience of mankind, and which require special learning, study, or experience. *Pollock v. Pollock* (1956), 273 Wis. 233, 246, 77 N. W. 2d 485; *Hamann v. Milwaukee Bridge Co.* (1906), 127 Wis. 550, 565, 106 N. W. 1081; *Jacobson v. Greyhound Corp.* (1965), 29 Wis. 2d 55, 63, 138 N. W. 2d 133. While trial courts have discretion in admitting opinion evidence of experts, the principal rule has been stated to be "whether members of the jury having that knowledge and general experience common to every member of the community would be aided in a consideration of the issues by the testimony offered and received." *Anderson v. Eggert* (1940), 234 Wis. 348, 361, 291 N. W. 365; *see also Kreyer v. Farmers' Co-operative Lumber Co.* (1962), 18 Wis. 2d 67, 75, 117 N. W. 2d 646, and *Schmidt v. Chapman* (1964), 26 Wis. 2d 11, 25, 131 N. W. 2d 689. McCormick, in his book on *Evidence,* pp. 28, 29, sec. 13, states the rule:

"First, the subject of the inference must be so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average layman, and second, the witness must have such skill, knowledge or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth."

Consequently, if the court or jury is able to draw its own conclusions without the assistance of an expert opinion, the admission of such testimony is not only unnecessary but improper. *Casson v. Schoenfeld* (1918), 166 Wis. 401, 415, 166 N. W. 23; *Bruss v. Milwaukee Sporting Goods Co.* (1967), 34 Wis. 2d 688, 150 N. W. 2d 337; *Kreklow v. Miller* (1967), 37 Wis. 2d 12, 154 N. W. 2d 243.

The question in this case is whether expert testimony would aid the trier of the facts in determining whether the hospital was in fact negligent as alleged. By way of analogy, this court has held expert testimony to be required to assist the court or jury to understand complex issues in the following situations: To determine whether medical or dental treatment is necessary to effect a cure or to promote healing, *Wisconsin Telephone Co. v. Industrial Comm.* (1953), 263 Wis. 380, 57 N. W. 2d 334; on the permanency of an injury, *Borowske v. Integrity Mut. Ins. Co.* (1963), 20 Wis. 2d 93, 101, 121 N. W. 2d 287; *Lubner v. Peerless Ins. Co.* (1963), 19 Wis. 2d 364, 370, 120 N. W. 2d 54; *Rogers v. Adams* (1963), 19 Wis. 2d 141, 146, 119 N. W. 2d 349; whether pain will continue in the future; and if so, for how long a period of time, *Huss v. Vande Hey* (1965), 29 Wis. 2d 34, 39, 138 N. W. 2d 192; *Rivera v. Wollin* (1966), 30 Wis. 2d 305, 140 N. W. 2d 748; whether future medical expenses will be incurred, *Sawdey v. Schwenk* (1958), 2 Wis. 2d 532, 537, 87 N. W. 2d 500; whether a fall occurred because of a prior leg injury, *Globe Steel Tubes Co. v. Industrial Comm.* (1947), 251 Wis. 495, 497, 29

N. W. 2d 510; whether a piece of bone entered the blood-stream, and whether that formed a blood clot which entered the patient's lung, *Behr v. Larson* (1957), 275 Wis. 620, 627, 83 N. W. 2d 157; whether a driver's conduct after an injury was caused by shock, *Odya v. Quade* (1958), 4 Wis. 2d 63, 74, 90 N. W. 2d 96. These situations were so complex or technical that a jury without the assistance of expert testimony would be speculating and consequently such testimony was required. The lack of expert testimony in such cases constitutes an insufficiency of proof. *See Cedarburg Light & Water Comm. v. Allis-Chalmers* (1967), 33 Wis. 2d 560, 148 N. W. 2d 13, 149 N. W. 2d 661.

In the following cases expert testimony was held inadmissible: A civil engineer was not permitted to testify where the center of a road was located from photographs because the jury could see and understand that fact from the photographs as well as the engineer, *Nolop v. Skemp* (1959), 7 Wis. 2d 462, 465, 96 N. W. 2d 826; expert testimony was held to be inadmissible where the jury as well as the expert could form a reliable opinion as to whether a particular machine, place, or mode of doing business was dangerous, *Hamann v. Milwaukee Bridge Co., supra;* an insurance underwriter manager was not permitted to interpret specific answers to questions in an application form because the jurors were as competent as the expert to draw inferences from the facts, *Kreklow v. Miller* (1967), 37 Wis. 2d 12, 154 N. W. 2d 243; where evidence on the operation of defective bleachers was introduced it was not necessary to present expert testimony on the issue of causation because a jury could conclude defendant's negligence was a substantial factor in bringing about the accident, *Bruss v. Milwaukee Sporting Goods Co., supra.*

In *Jones v. Hospital* (1964), 175 Ohio St. 503, 196 N. E. 2d 592, an expectant mother in a labor room of the obstetrical department of a hospital, under sedation and extremely restless, repeatedly attempted to climb

over the guardrails of her bed and the nurses assigned to the care of such patient by the hospital left the room; during such absence the patient fell out of bed. The court said, at page 506:

" '. . . To sum up: In everything pertaining to the ordinary and common knowledge of mankind jurors are supposed to be competent, and peculiarly qualified to determine the connection between the cause and effect established by common experience, and to draw the proper conclusions from the facts before them; and if the matter can be decided from ordinary experience and knowledge, the jury are allowed to decide it unaided . . . .' "

In *Hayhurst v. Boyd Hospital* (1927), 43 Idaho 661, 254 Pac. 528, a nurse left a window open and allowed the wind to blow on a patient's chest and he caught pneumonia. The court rejected the contention the hospital is required to employ such skill and care as institutions in the same general area because no professional skill or learning was involved in leaving the window open. Similarly in *Stevenson v. Alta Bates, Inc.* (1937), 20 Cal. App. 2d 303, 66 Pac. 2d 1265, because the facts could be ascertained by the ordinary use of the senses of a nonexpert, the court rejected the contention that the negligence of the defendant hospital could be proved only by expert testimony. In that case the patient, after some recuperation from a stroke, was being assisted by two nurses and fell when one of the nurses released her arm in order to prepare the chair in which the patient was to be seated.

Is it necessary for Cramer to establish the standard of care of other hospitals in the general area to assist the jury in making a determination as to the negligence alleged in his complaint? It is quite true the complaint alleges facts relating to the type of hospital care which requires expert testimony. These allegations go to hospital treatment in a professional sense. However, the allegations concerning negligence in leaving Cramer un-

attended and under inadequate restraint and removing the cloth restraint of one hand in order to allow him to feed himself are matters of routine care and do not require expert testimony.

There was a conflict in the testimony as to his mental confusion, awareness, and irrationality on the day in question. The hospital records show he got out of bed twice, attempted to get out two more times, had been in a Posey restraint in the morning, and was confused, irrational and irritated at times during that day. The nurses tell one story; the wife and daughters of Cramer tell another. Whether the restraint on one arm should have been removed so the patient could eat and whether a nurse should have foreseen that Cramer might again attempt to get out of bed are matters to be judged against the care a reasonable and ordinary lay person would expect a hospital or employee-nurse to give under the circumstances. In such cases the standard of care is not what the practice is in the hospitals in the area but the ordinary care which the condition of the patient then requires. One does not need to be an expert to be able to determine whether a person should be in or out of restraints.

We do not think *Carson v. Beloit* (1966), 32 Wis. 2d 282, 145 N. W. 2d 112, relied on by the hospital, is authority on which this case should be decided. We do not consider this complaint one for malpractice or for breach of a standard of care so technical in nature as to require expert testimony. Consequently, the trial court should have allowed the issues which could be determined by common knowledge to go to the jury and instructed them on such reasonable care. It should have withheld only those issues upon which there was the necessity for expert testimony to establish a standard.

*By the Court.*—Judgment reversed.