SEE, Justice
(concurring specially).
Many jurisdictions differentiate between (1) medical or technical care provided by a hospital and (2) custodial or personal care provided by the same hospital. As the Court of Civil Appeals noted when this case was before them,
“In McGraw v. St. Joseph’s Hospital, 200 W.Va. [114] at 121, 488 S.E.2d [389] at 396 [ (1997) ], the Supreme Court of Appeals of West Virginia, quoting a Wisconsin decision, Cramer v. Theda Clark Memorial Hospital, 45 Wis.2d 147, 172 N.W.2d 427, 428 (1969), ‘articulated the rationale used by jurisdictions that generally do not require expert testimony in hospital fall cases’:
“ ‘ “Courts generally make a distinction between medical care and custodial care or routine hospital care. The general rule is that a hospital must in the care of its patients exercise such ordinary care and attention for their safety as their mental and physical condition, known or should have been known, may require.... If the patient requires professional nursing or professional hospital care, then expert testimony as to the standard of that type of care is necessary.... But it does not follow that the standard of all care and attention rendered by nurses or by a hospital to its patients necessarily require[s] proof by expert testimony. The standard of nonmedical, administrative, ministerial or routine care in a hospital need not be established by expert testimony because the jury is competent from its own experience to determine and apply such a reasonable-care standard.” ’ ”
Heath v. HealthSouth Med. Ctr., 851 So.2d 24, 31 (Ala.Civ.App.2002).
In this case, I concur with the majority’s decision to affirm the judgment of the Court of Civil Appeals because the Heaths’ *43 claim on which that court reversed the summary judgment does not appear to be a medical-malpractice claim, but is instead a claim alleging negligent or wanton-and-willful failure to provide requested custodial care. Because, and to the extent that, the Heaths’ claims are not medical-malpractice claims, I concur that the Heaths need not show the applicable standard of care through expert medical testimony.