**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 17, 2007[*]
Decided March 5, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2930

| | |
|---|---|
| GEORGE H. PETERS,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>ASTRAZENECA LP and PROCTER<br>& GAMBLE DISTRIBUTING CO., *et al.*,<br>    *Defendants-Appellees*. | Appeal from the United States<br>District Court for the Western District of<br>Wisconsin<br><br>No. 05-C-649-C<br><br>Barbara B. Crabb,<br>*Chief Judge*. |

**O R D E R**

George Peters, a Wisconsin prisoner, claims that he cannot properly taste food as a result of taking Prilosec OTC, the over-the-counter version of prescription Prilosec, a drug used to treat heartburn. He sued the joint marketers and distributors of Prilosec OTC, AstraZeneca LP ("AstraZeneca") and Procter & Gamble Distributing Co., now known as Procter & Gamble Distributing LLC ("P&G"), as well as an officer of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

each. He claimed that the defendants failed to include adequate warnings of the risk of damage to taste from use of Prilosec OTC. Peters proceeded under theories of negligence and strict liability, but the district court ruled on summary judgment that Peters' evidence, even if accepted by a trier of fact, failed to show causation under either theory. Peters appeals that ruling, as well as the district court's earlier dismissal of the two officers and its denial of Peters's request for a default judgment. We affirm.

Before we reach the merits of this appeal, we must address a jurisdictional question. This is a diversity action under 28 U.S.C. § 1332(a), and though it appears that more than $75,000 is in controversy, the record did not reveal whether the parties are diverse. (Peters is *pro se*, and thus might have some excuse for this; the defendant-appellees have none.) Peters had several chances, but he did not provide his own citizenship or the correct citizenship for one of the appellees. The appellees, too, fell down on the job. They asserted that because Peters is a Wisconsin inmate, he is a automatically a Wisconsin citizen. But his place of incarceration is irrelevant; he is a citizen of the state in which he lived before incarceration or the place he intends to live after his release. *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). AstraZeneca told us that it is a limited partnership, but rather than furnishing the citizenship of all of its partners so that we could determine its citizenship, *see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), it told us only that none of its partners is a Wisconsin citizen. P&G told us that it is *now* an LLC, but we needed to know its status at the time the complaint was filed, *see Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). In order to ensure that federal jurisdiction was proper, we ordered the parties to submit supplemental jurisdictional statements that fully comply with Fed R. App. P. 28 and Circuit Rule 28. Those statements at last filled in the necessary blanks. Peters is a Wisconsin citizen after all, and P&G was an Ohio citizen when the complaint was filed, because it was incorporated in and had its principal place of business there, *see Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Based on the citizenship of its partners, AstraZeneca is a citizen of Delaware, Massachusetts, New Jersey, New York, and Sweden*, see Cosgrove*, 150 F.3d at 731. The parties are therefore diverse, and the district court properly exercised jurisdiction under 28 U.S.C. § 1332.

The material facts, with all reasonable inferences drawn in Peters's favor, are as follows: While in prison in Oklahoma around the end of 2003, Peters first took Prilosec OTC for approximately 10 days. He noticed a distortion in his sense of taste at the time, but he did not report this to anyone. He next took Prilosec OTC under a doctor's direction for about a year beginning in early 2004, while residing in a Wisconsin prison. He again noticed taste loss or distortion and this time reported it to a physician several times; he switched to a different medication in 2005.

The packaging and insert for Prilosec OTC do not warn that taste distortion or loss is a potential side effect of ingestion. The package insert and Physician's Desk

Reference entry for the *prescription* version of Prilosec, however, list taste loss among several "adverse experiences" that had occurred in "<1% of patients or subjects." Both the insert and Physician's Desk Reference also advise that for these adverse experiences, "[i]n many instances the relationship with Prilosec was unclear." Users of prescription Prilosec reported to the Food and Drug Administration over 25,000 adverse incidents that they experienced while taking the drug. Among the reported events was aguesia, the absence or impairment of one's sense of taste, reported by .2% of the users. Importantly, however, the report's front page states that its information had "not been scientifically or otherwise verified as to a cause and effect relationship and cannot be used to estimate the incidence of adverse reactions."

No expert opinion in this record supports the proposition that Prilosec (either prescription or over-the-counter) causes taste loss. Instead, the defendants' witness, Dr. Douglas Bierer, P&G's former Director of Clinical and Regulatory Development, attested only that once ingested, "there is essentially no difference" between Prilosec OTC and prescription Prilosec. Furthermore, he explained that none of the more than 10,000 participants in the clinical studies conducted for the release of Prilosec OTC reported taste loss or distortion.

After Peters filed suit, the district court first screened Peters's complaint under 28 U.S.C. § 1915A and dismissed the two corporate officers. (As we note below, this was an error.) The court reasoned that under Wisconsin Statute § 183.0304 an officer is not liable for acts of a limited liability company. The remaining defendants, AstraZeneca and P&G, then moved for summary judgment, arguing that there was insufficient evidence that Prilosec OTC caused Peters's taste loss. In response, Peters moved for default judgment because the defendants had not filed an answer. The district court denied Peters's motion because the defendants were defending the suit with their summary judgment motion. Peters then opposed the summary judgment motion, but the district court granted summary judgment for the defendants, holding that Peters had not provided evidence that Prilosec OTC had caused his injuries, or indeed, that he had suffered an injury at all.

On appeal, Peters first argues that the district court erred in denying his motion for default judgment. A district court may enter a default judgment against a party who "has failed to plead or otherwise defend" the case, Fed. R. Civ. P. 55(a). Nevertheless, we review the district court's refusal to do so for an abuse of discretion. *See Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995). The district court found that the defendants had "otherwise" been defending the case, because AstraZeneca and P&G had filed motions to dismiss and for summary judgment. We have upheld a district court's discretion to deny a motion for default judgment in similar situations where, as here, the defendants were defending the case but neglected to file an answer, so long as the plaintiff was not prejudiced. *See Mommaerts v. Hartford Life and Accident Ins. Co.,* No. 06-2952, 2007 WL 38406 (7th Cir. Jan. 8,

2007); *Pepper v. Village of Oak Park*, 430 F.3d 805, 812 (7th Cir. 2005); *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996). We see no prejudice to Peters, and we find no abuse of discretion.

Next, Peters argues that summary judgment in favor of the defendants on his strict liability and negligence claims was improper. Wisconsin courts recognize both strict liability and negligence theories premised upon a manufacturer's failure to warn consumers. *See Gracyalny v. Westinghouse Elec. Corp.*, 723 F.2d 1311, 1317 (7th Cir. 1983). Although strict liability focuses on the defendants' product, and negligence focuses on the defendants' conduct, to prevail under either theory Peters had to offer evidence that Prilosec OTC caused his injuries—in this case a distorted or lost sense of taste. *Gracyalny*, 723 F.2d at 1317; *Green v. Smith & Nephew AHP, Inc.*, 629 N.W.2d 727, 813 (Wis. 2001); *Schreiner v. Wieser Concrete Prods., Inc.*, 720 N.W.2d 525, 528 (Wis. Ct. App. 2006) (negligence); *Westphal v. E.I. du Pont de Nemours & Co.*, 531 N.W.2d 386, 391 (Wis. Ct. App. 1995) (strict liability).

To prove causation in a products liability case, a plaintiff ordinarily must provide expert testimony because of the specialized knowledge required; thus, without expert testimony that Prilosec OTC caused his injury, Peters faced an almost insurmountable hurdle in contesting the defendants' summary judgment motion. *See Smoot*, 469 F.3d at 680-81 (holding that plaintiffs' case was insufficient to survive summary judgment under Wisconsin negligence law where they presented no expert testimony that product caused their injuries); *Weiss v. United Fire and Cas. Co.*, 541 N.W.2d 753, 757 (Wis. 1995) (noting that the Wisconsin Supreme Court often requires expert testimony in cases involving medicine because specialized knowledge, skill and experience are necessary) (citation omitted).

 Peters responds that the product inserts and FDA report (which state that a small percentage of users have reported taste loss following the use of prescription Prilosec) provided evidence that prescription Prilosec causes taste loss. And, Peters notes, Dr. Bierer equated the effects of ingesting the prescription and over-the-counter versions of Prilosec. According to Peters, this combined evidence shows that Prilosec OTC, too, causes taste loss.

The evidence does not, however, prove as much as Peters thinks. First, the inserts and FDA report on which he relies specifically disclaim a cause and effect relationship between prescription Prilosec and taste loss. Second, they show only that a small percentage (.1% to .2%) of users of prescription Prilosec claimed to have experienced taste loss while using the drug. Even if this were suggestive of a correlation between prescription Prilosec use and taste loss (a matter we need not decide), a correlation alone is not evidence of causation. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 885 (10th Cir. 2005) ("A correlation does not equal causation."); *Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 585-86 (5th Cir. 2004)

(upholding exclusion of expert causation testimony based solely upon studies showing a mere correlation between defendant's product and plaintiff's injury). Because Peters lacks evidence that either prescription or over-the-counter Prilosec causes taste loss, the district court properly granted summary judgment to the defendants. *See Smoot*, 469 F.3d at 682; *Cramer*, 172 N.W.2d at 429.

Peters finally argues that the district court improperly dismissed his claims against the officers under 28 U.S.C. § 1915A. While Peters is correct that § 1915A does not apply to his claims, because he has not named a government entity or officer as a defendant, *see* 28 U.S.C. § 1915A, we may affirm on any basis in the record, *Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 464 F.3d 651, 657 n.3 (7th Cir. 2006).The appellees argue that the district court correctly dismissed Peters's claims against them because Wis. Stat. § 183.0304 bars such claims. That statute, however, applies only to officers of limited liability companies organized under the laws of Wisconsin and thus is not available for these defendants. Even so, Peters cannot succeed against the officers for the same reason that he lacks a case against the corporations—he has not presented sufficient evidence that Prilosec OTC caused his injuries. Consequently, any error in dismissing these defendants under § 1915A was harmless. *See Greeno v. Daley*, 414 F.3d 645, 657 (7th Cir. 2005) (affirming dismissal of unserved defendants where plaintiff pointed to no evidence that would have defeated summary judgment for those defendants).

AFFIRMED.