# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 17, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1347**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CV1188

**IN COURT OF APPEALS**
**DISTRICT II**

CAROLYN ANN BACOVSKY,

PLAINTIFF-APPELLANT,

V.

SARAH J. FETZER, LAMAR PAUL LEITZKE, CHERYL MARQUARDT AND MENOMONEE RIVER CONDOMINIUM ASSOCIATION, INC.,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Waukesha County: JENNIFER DOROW, Judge. *Affirmed in part; reversed in part and cause remanded.*

Before Reilly, P.J., Gundrum and Hagedorn, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Carolyn Ann Bacovsky appeals from an order granting summary judgment to Sarah J. Fetzer, Lamar Paul Leitzke, Cheryl Marquardt, and Menomonee River Condominium Association, Inc. (MRCA). For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

¶2    This case arises from the sale of a condominium unit in Menomonee Falls on November 13, 2015. Bacovsky purchased the unit from Fetzer and Leitzke, who used Marquardt as their real estate broker.

¶3    Four days after closing, Bacovsky discovered ceiling leaks in the upstairs hallway of the unit. She reported the leaks to MRCA's president, who acknowledged that the situation had been going on for "a while" and advised her to "watch and wait." Bacovsky continued to experience leaks throughout the winter months.

¶4    After ice cleared off of the roof, MRCA repaired it, and the ceiling leaks stopped. However, Bacovsky believed that there was mold in the unit and took steps to remediate it, hiring a company to remove drywall and other materials. Unsatisfied with the results, and believing that the mold was adversely affecting her health, Bacovsky deemed the unit uninhabitable, moved out, and stopped paying the mortgage. Eventually, the bank foreclosed on the unit.

¶5    Bacovsky subsequently filed suit against Fetzer, Leitzke, Marquardt, and MRCA, generally alleging claims of breach of contract, negligence, and misrepresentation. She sought to recover her down payment on the unit, the money she spent trying to fix it, and the expenses she incurred after she deemed it uninhabitable and moved out.

¶6   After conducting discovery, Fetzer, Leitzke, Marquardt, and MRCA moved for summary judgment. Essentially, they argued that there was insufficient evidence to go forward, as Bacovsky could not prove her case without expert testimony, which she did not have. Following a hearing on the matter, the circuit court agreed and granted summary judgment. Bacovsky now appeals.

¶7   We review de novo the grant or denial of summary judgment, employing the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314-15, 401 N.W.2d 816 (1987). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2017-18).[1] In deciding if genuine issues of material fact exist, we draw all reasonable inferences in favor of the nonmoving party. *Metropolitan Ventures, LLC v. GEA Assocs.*, 2006 WI 71, ¶20, 291 Wis. 2d 393, 717 N.W.2d 58.

¶8   Here, we agree with the circuit court's decision to dismiss all claims and damages related to the issue of mold. If Bacovsky wanted to show that the leaks caused mold, which adversely affected her health and rendered her unit uninhabitable, she needed to provide expert testimony. *See Cramer v. Theda Clark Mem'l Hosp.*, 45 Wis. 2d 147, 152, 172 N.W.2d 427 (1969) (expert testimony is required when cases are so complex or technical that the jury would be merely speculating without it). Her failure to do so constituted an insufficiency of proof. *Id.*; *see also Weiss v. United Fire & Cas. Co.*, 197 Wis. 2d 365, 381, 541 N.W.2d 753 (1995).

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version.

¶9 However, we disagree with the circuit court's decision to dismiss the entire case. As noted, Bacovsky raised claims of misrepresentation, which related to the roof. Fetzer and Leitzke did not disclose a defect in the roof in the real estate condition report that they prepared with Marquardt in 2015.[2] However, they disclosed a defect in the roof in the report that they prepared with Marquardt the year before.[3] According to Bacovsky, she relied upon the 2015 report and would not have purchased the unit had she been aware of the roof's problems, which revealed themselves four days after closing.

¶10 On this record, drawing all reasonable inferences in favor of Bacovsky, we conclude that her misrepresentation claims can go forward against Fetzer, Leitzke, and Marquardt.[4] Bacovsky's failure to provide expert testimony is not fatal to these claims. That is because "[l]ay opinion evidence is generally permitted when such opinion is based on matters about which the witness is actually competent to testify, such as … the witness['s] opinion as to value of property the witness owns." ***Poston v. Burns***, 2010 WI App 73, ¶22, 325 Wis. 2d 404, 784 N.W.2d 717 (citation omitted). In this case, Bacovsky can offer testimony about the value of her property as it was impacted by the alleged misrepresentations about the roof.

---

[2] On April 24, 2015, Fetzer and Leitzke answered "No" to the question of whether they were aware of defects in the roof.

[3] On March 14, 2014, Fetzer and Leitzke answered "Yes" to the question of whether they were aware of defects in the roof, acknowledging that they had experienced leaking after the roof's replacement the year before but maintaining that "everything is believed to be fixed."

[4] Bacovsky did not raise any misrepresentation claims against MRCA. Instead, she alleged breach of contract and negligence claims, which hinged on a causation of mold in her unit and the resulting damages assertions.

¶11     For these reasons, we affirm in part, reverse in part, and remand for further proceedings.  No costs to the parties other than MRCA.[5]

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] To the extent we have not addressed an argument raised on appeal, the argument is deemed rejected. *See **State v. Waste Mgmt. of Wis., Inc.**,* 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).