COURT OF APPEALS
DECISION
DATED AND FILED

May 28, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1088**

Cir. Ct. No. 2017CV1846

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

ELEANOR CURTISS,

    PLAINTIFF-APPELLANT,

ALLMERICA FINANCIAL BENEFIT INSURANCE COMPANY,

    SUBROGATED PLAINTIFF,

THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,

    INVOLUNTARY PLAINTIFF-APPELLANT,

  V.

BRUCE ELLERY, MIDDLETON-CROSS PLAINS AREA SCHOOL DISTRICT, COMMUNITY INSURANCE CORPORATION, ALLMERICA FINANCIAL BENEFIT INSURANCE COMPANY A/K/A HANOVER INSURANCE GROUP AND MASSACHUSETTS BAY INSURANCE COMPANY,

    DEFENDANTS-RESPONDENTS,

TOWN OF VERONA AND RURAL MUTUAL INSURANCE COMPANY,

    DEFENDANTS.

APPEAL from orders of the circuit court for Dane County: JUAN B. COLAS, Judge. *Reversed and cause remanded for further proceedings.*

Before Fitzpatrick, P.J., Kloppenburg and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Eleanor Curtiss appeals a circuit court order that granted summary judgment to Bruce Ellery and dismissed Curtiss's negligence action for injuries Curtiss suffered on a bus driven by Ellery, and an order denying reconsideration.[1] Curtiss contends that there are disputed issues of material fact as to whether Ellery was causally negligent, precluding summary judgment. We agree that there are disputed issues of material fact as to causation and that summary judgment was improperly granted.[2] Accordingly, we reverse and remand for further proceedings.

¶2 On July 31, 2017, Curtiss filed this negligence action against Ellery. The complaint alleged that, on August 27, 2016, Curtiss was injured while a passenger on a bus driven by Ellery. It asserted that Ellery drove negligently over a bump in the road so that the elderly passengers on the bus were lifted off their seats. It is undisputed that Curtiss, who was eighty years old and had

---

[1] For ease of reading, this opinion will refer to the appellants, collectively, as "Curtiss," and the respondents, collectively, as "Ellery."

[2] Our conclusion that there are disputed material facts as to causation that preclude summary judgment is dispositive of this appeal. Accordingly, we do not reach other arguments raised by the parties. Additionally, we do not reach any disputes between the parties that were not briefed on appeal. That is, this opinion is limited to the narrow, dispositive issue before us: whether there are sufficient facts as to causation in dispute to render summary judgment improper.

osteoporosis, suffered a spinal fracture when she made impact with her seat after the bus travelled over the bump.

¶3      Ellery moved for summary judgment. He argued that no facts in the record would support a jury determination that Ellery's alleged negligent driving caused Curtiss's injuries. More specifically, Ellery argued that Curtiss's injuries were the result of her age and pre-existing medical condition. He also argued that, to establish causation, Curtiss was required to offer expert testimony to show that Curtiss would not have been injured absent Ellery's allegedly negligent driving, and that Curtiss failed to do so.

¶4      Curtiss opposed summary judgment, arguing that there were disputed issues of material fact as to whether Ellery was causally negligent. Curtiss cited her experts' deposition testimony that a safe rate of speed to travel over the bump would have been somewhere between five and twenty miles per hour, while Ellery was travelling thirty to thirty-five miles per hour; that Curtiss would have been lifted less off her seat had Ellery been driving at twenty miles per hour, resulting in less impact when she landed back on the seat; and that it was "substantially less likely" that Curtiss would have been injured had Ellery been driving at a reduced speed of twenty miles per hour. The circuit court granted summary judgment to Ellery, determining that Curtiss had failed to meet her burden on the element of causation because she had not offered expert testimony to establish that she would not have been injured had Ellery been driving at a reduced speed of twenty miles per hour. Curtiss moved for reconsideration, which the circuit court denied. Curtiss appeals.

¶5      This court reviews a circuit court order granting summary judgment de novo, applying the same methodology as the circuit court. *See **Green Spring***

*Farms v. Kersten*, 136 Wis. 2d 304, 314-15, 401 N.W.2d 816 (1987). Summary judgment is only appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See* WIS. STAT. § 802.08(2) (2017-18).[3] "In order to be entitled to summary judgment, the moving party, here the defendants, must prove that no genuine issue exists as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶24, 241 Wis. 2d 804, 623 N.W.2d 751.

¶6      The elements for a negligence action are:  (1) the defendant had a duty of care; (2) the defendant breached that duty; (3) a causal connection between the conduct and the injury; and (4) damages. *Erickson v. Prudential Prop. and Cas. Ins. Co.*, 166 Wis. 2d 82, 88, 479 N.W.2d 552 (Ct. App. 1991), *abrogated on other grounds by Gritzner v. Michael R.*, 2000 WI 68, 235 Wis. 2d 781, 611 N.W.2d 906.  For purposes of this appeal, the only disputed element of Curtiss's negligence action is causation.  "The test of cause ... is whether the defendant's negligence was a substantial factor in contributing to the result." *Merco Distrib. Corp. v. Commercial Police Alarm Co.*, 84 Wis. 2d 455, 459, 267 N.W.2d 652 (1978).  Causation is generally a question of fact. *Estate of Cavanaugh v. Andrade*, 202 Wis. 2d 290, 306, 550 N.W.2d 103 (1996).

¶7      Curtiss argues that there are material facts in dispute as to whether Ellery was causally negligent.  Curtiss argues that she presented sufficient evidence to support a reasonable inference that Ellery's negligence was a

---

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

substantial factor in causing her spinal fracture. She also argues that she was not required to prove the negative of what reduced speed would have prevented her injury to survive summary judgment and allow the issue of causation to go to a jury. *See Ehlinger v. Sipes*, 155 Wis. 2d 1, 18, 454 N.W.2d 754 (1990) ("[W]e refuse to place upon an injured plaintiff the burden of proving what more probably than not *would* have happened had the defendant not been negligent.").

¶8      Ellery responds that the circuit court properly granted summary judgment to Ellery because, he argues, Curtiss failed to produce sufficient evidentiary facts to establish that Ellery's alleged negligence caused Curtiss's injuries. *See Transportation Ins. Co. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 291-92, 507 N.W.2d 136 (Ct. App. 1993) (to defeat a defendant's motion for summary judgment, a plaintiff must introduce evidentiary facts to support each element of her claim). He argues that there are no facts in the record from which a jury could find, without speculating, that Ellery's alleged negligence caused Curtiss's injuries. *See Cramer v. Theda Clark Mem'l Hosp.*, 45 Wis. 2d 147, 152, 172 N.W.2d 427 (1969) (explaining that where "situations were so complex or technical that a jury without the assistance of expert testimony would be speculating … such testimony was required"). Ellery argues that, to meet that burden, Curtiss was required to introduce expert testimony that Curtiss would not have been injured had Ellery driven over the bump at the speed deemed safe by Curtiss's expert, and that the lack of such expert testimony entitled Ellery to summary judgment. *See id.* ("The lack of expert testimony [when it is required] constitutes an insufficiency of proof."). He argues that *Ehlinger*'s holding that a plaintiff is not required to prove that an injury would not have occurred absent the defendant's negligence is inapposite because *Ehlinger* was a medical malpractice case and should be limited to its facts.

¶9      We conclude that there are disputed issues of fact as to causation such that summary judgment was improper.  Curtiss provided expert testimony that Ellery's reported speed of thirty-one miles per hour exceeded the safe speed for crossing the bump at a maximum speed of twenty miles per hour.[4]  The expert opined that, had Ellery been traveling at a speed of twenty miles per hour, Curtiss would have been lifted less out of her seat.  That expert was unable to opine, one way or the other, whether Curtiss would have suffered a spinal injury had Ellery been driving twenty miles per hour.  However, Curtiss provided testimony by another expert opining that, had Ellery been driving at twenty miles per hour, it would have been "substantially less likely" that Curtiss would have sustained a spinal fracture, although he also could not say definitively whether or not it *would* have occurred.  That expert opined that, at twenty miles per hour, Curtiss would probably have been lifted off her seat to some degree.  The expert also opined that the lower the speed of the bus as it went over the bump, the less force the passengers would have experienced.

¶10      We are persuaded that the evidence offered by Curtiss was sufficient to meet her burden of presenting evidence on the element of causation.  *See* ***Hunzinger***, 179 Wis. 2d at 290 ("The ultimate burden ... of demonstrating that there is sufficient evidence ... to go to trial at all (in the case of a motion for summary judgment) is on the party that has the burden of proof on the issue that is the object of the motion.").  The test for causation is simply "whether the conduct at issue was a substantial factor in producing the [plaintiff's] injury." ***Estate of***

---

[4] The parties dispute whether Curtiss's expert opined that a safe speed for going over the bump was 10-15 or 15-20 miles per hour.  Regardless, it is undisputed that Curtiss's expert opined that a safe speed was, at most, twenty miles per hour.

*Cavanaugh*, 202 Wis. 2d at 306. Moreover, the question of causation is for the jury, so long as "reasonable [people] might differ—which will include all but a few of the cases." *Wills v. Regan*, 58 Wis. 2d 328, 340, 206 N.W.2d 398 (1973) (quoted source omitted). Ellery, as the party moving for summary judgment, bore the burden to establish that there were no facts in dispute as to causation such that he was entitled to summary judgment, and Ellery has not met this burden. *See Lambrecht*, 241 Wis. 2d 804, ¶24. "The inferences to be drawn from the underlying facts contained in the [summary judgment] … material should be viewed in the light most favorable to the party opposing the motion, and doubts as to the existence of a genuine issue of material fact are resolved against the moving party." *Id.*, ¶23 (footnotes omitted).

¶11 We conclude that a reasonable jury could infer from the testimony by Curtiss's experts that Ellery's negligence in driving faster than a safe speed over the bump was at least "a substantial factor" in causing Curtiss's spinal fracture. Accordingly, we conclude that summary judgment was improperly granted.

*By the Court.*—Orders reversed and cause remanded for further proceedings.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)5.