COURT OF APPEALS
DECISION
DATED AND FILED

March 25, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1111**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV4139

IN COURT OF APPEALS
DISTRICT I

---

AETOS, LLC,

PLAINTIFF-APPELLANT,

V.

ROCKFORD MUTUAL INSURANCE COMPANY,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: HANNAH C. DUGAN, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1      PER CURIAM.   Aetos, LLC appeals from the order of the circuit court dismissing with prejudice its claim against Rockford Mutual Insurance Company.   Aetos argues that the circuit court erred when it granted summary judgment in Rockford Mutual's favor because the court failed to apply the proper standard of law, ruled on the motion after the deadline for dispositive motions, showed bias in its decisions, and failed to follow local rules.   Upon review, we conclude that all of Aetos's arguments fail.   We affirm.

## BACKGROUND

¶2      Aetos, an LLC owned by a single member, Elias Pagoudis, filed a complaint against Rockford Mutual in July 2021, alleging that Rockford Mutual had denied an insurance claim arising out of damage to the attic and roof of a commercial building Aetos owned in Milwaukee.   Aetos alleged that an unventilated attic caused the roof structure to become so hot that the structural sheathing caught fire, causing the roof to collapse.

¶3      Aetos's complaint quoted sections of its commercial insurance policy that listed coverage for "abrupt collapse" of a part of the building when caused by hidden building decay or construction defects, with exceptions and exclusions.   The policy covered certain specified "causes of loss" for an "abrupt collapse" due to the use of defective materials or methods in construction in situations including fire; windstorm or hail; falling objects; the weight of snow, ice or sleet; and water damage.

¶4      Rockford Mutual answered Aetos's complaint with an affirmative defense that the claimed damage to the roof was not a covered loss, but the result of construction defects that were not covered causes of loss under the policy.

¶5     The original scheduling order was signed by the circuit court on September 21, 2021, which required Aetos to produce lay and expert witness names and expert reports by November 22, 2021.  It is undisputed that Aetos disclosed Marc Stankiewicz, from Glisson Glass & Emergency Boarding Services, as an expert witness within the deadline.  It is also undisputed that Stankiewicz's preliminary report, from April 2021, was given to Rockford Mutual during discovery.  The case then proceeded to mediation and eventually summary judgment proceedings were initiated by Rockford Mutual.

### A. The first motion for summary judgment

¶6     In July 2022, Rockford Mutual moved for summary judgment, arguing that Aetos had failed to show it had suffered a covered loss.  Rockford Mutual asserted that its claims adjuster and a forensic engineer concluded that progressive, long-term conditions led to the deterioration of the roof, which led to the collapse.  Rockford Mutual asserted that Stankiewicz's expert report did not establish a covered cause of loss, such as a fire, as the causation of the collapse, but only stated possible causes.[1]

¶7     On August 23, 2022, Aetos filed a response brief in opposition; it introduced three new affidavits in support of its theory and asserted that there was a genuine issue of material fact about whether a fire caused the roof collapse.  Aetos's brief was filed shortly after it filed a motion to enlarge time because the deadline for its response, August 13, 2022, had passed.  Relevant here, there was an August 2022 affidavit from Stankiewicz, establishing his qualifications, and

---

[1] We note that Rockford Mutual's original summary judgment motion included a copy of Stankiewicz's April 2021 report.

opining that "as an expert Fire Inspector," he stated "to a reasonable degree of certainty that the damages to the roof and rafters was caused by fire[.]" Additionally, there was an August 2022 affidavit from Pagoudis describing the discovery of damages. After a hearing in September 2022, Aetos's late brief was accepted as the summary judgment response and Rockford Mutual was permitted to file a reply brief.[2]

¶8 In November 2022, the circuit court denied Rockford Mutual's motion for summary judgment after a hearing. The court concluded that Aetos had produced sufficient evidence to establish the existence of a genuine dispute of material fact, that is, whether or not there was a fire in the attic of Aetos's building that caused the roof to collapse. The court concluded that while Stankiewicz's April 2021 preliminary report was insufficient, his August 2022 affidavit was sufficient in foundation and showed the requisite degree of certainty to present a genuine issue of material fact with regard to causation.

### B. Motion to strike Stankiewicz's August 2022 affidavit

¶9 In December 2022, Rockford Mutual moved to strike Stankiewicz's August 2022 affidavit and to bar him from testifying as to the contents and the opinions in his affidavit on the grounds that the affidavit was not timely filed

---

[2] When Aetos moved to enlarge time for its response brief, Rockford Mutual moved to strike Aetos's response brief and affidavits. During a September 2022 status conference, the circuit court addressed those motions and the oral withdrawal of multiple motions. Although the court accepted Aetos's untimely August 2022 response brief, there is no record that discusses the treatment of Aetos's accompanying affidavits. The transcript from this conference was not provided in the appellate record. "We are bound by the record as it comes to us," and we assume that anything missing from the record would support the circuit court's ruling. *See Fiumefreddo v. McClean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993). We therefore presume the court's ruling was supported.

pursuant to the civil scheduling order. It also filed a motion in limine to bar Stankiewicz from rendering an opinion based on his preliminary timely-filed report. The report opined that there had been a fire in an "unvented, uninhabited attic space"; however, Rockford Mutual argued that this was only a hypothesis and was not an opinion made to a reasonable degree of certainty. The motion also sought to bar Stankiewicz from referencing "suspect fire," "suspect soot," "suspect smoke," and "heat" as used in the preliminary report, with Rockford Mutual insisting that these statements were not facts, but suspicions. Although Stankiewicz was timely disclosed as an expert witness in November 2021, Aetos did not file a supplemental expert report or move to amend the witness list to cover his August 2022 affidavit statements. The circuit court granted Rockford Mutual's motion to strike Stankiewicz's August 2022 affidavit and granted the motion in limine barring his fire-related testimony from his preliminary report (hereinafter, "Stankiewicz's testimony").

### C. Renewed motion for summary judgment

¶10    In April 2023, Rockford Mutual filed a renewed motion for summary judgment. Rockford Mutual argued that without Stankiewicz's expert witness testimony, Aetos had no admissible evidence to support its theory of a fire causing the roof collapse, no genuine issues of material fact existed, and Aetos's claim could not succeed as a matter of law.[3] Aetos moved the circuit court to reconsider its January ruling on Stankiewicz's testimony; however, the court denied the motion for reconsideration.

---

[3] In February 2023, Aetos's trial counsel sent a letter to the court stating an intention to withdraw from representation for health reasons. The court granted the motion to withdraw in April 2023.

¶11    In opposition to Rockford Mutual's renewed motion for summary judgment, Aetos argued:  (1) that the renewed motion was filed after the deadline for dispositive motions pursuant to the scheduling order; and (2) that there was still a genuine issue of material fact over whether a fire caused the roof collapse. Aetos asserted that Pagoudis's August 2022 affidavit, attesting to seeing the roof and attic after the collapse and seeing photographs or burnt rafters and plywood supports when the roof was removed, was sufficient to establish an issue of material fact.

¶12    Rockford Mutual's reply brief asserted that the renewed summary judgment motion was timely because it was filed with the circuit court's permission and further, that Pagoudis could not establish a genuine issue of material fact because he was not an expert who could establish causation for the roof collapse.

¶13    The circuit court granted summary judgment in Rockford Mutual's favor in an oral ruling in May 2023.  The court stated that Rockford Mutual's request to file the renewed motion was not objected to, and noted that the scheduling order had been thoroughly exceeded.  The court considered that Aetos needed an expert to establish causation for its claim, Pagoudis was not an expert, Pagoudis's financial interest in Aetos precluded him from being named an expert witness in this case, and Aetos did not move to enlarge the time to name an expert. The court concluded that, without expert testimony establishing a genuine issue of material fact supporting Aetos's claim, Rockford Mutual had shown that it was entitled to summary judgment as a matter of law.

¶14    Aetos now appeals.

## DISCUSSION

¶15    Aetos makes four arguments on appeal.  First, it argues that the circuit court did not follow the proper standard when it reviewed Rockford Mutual's renewed motion for summary judgment.  Second, it asserts that Rockford Mutual's renewed motion for summary judgment should not stand because it was filed after the deadline for dispositive motions.  Third, it argues that the circuit court showed judicial bias when it allowed Rockford Mutual to file its renewed motion after the deadline, but did not allow Aetos to file expert witness evidence after the deadline.  Finally, it argues that the circuit court signed Rockford Mutual's proposed order granting summary judgment in violation of local rules.  We address and reject each argument below.

¶16    To resolve this appeal, we must determine whether summary judgment was properly rendered.  "Whether summary judgment is properly granted is a question of law." *Olson v. Farrar*, 2012 WI 3, ¶23, 338 Wis. 2d 215, 809 N.W.2d 1.  Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2) (2023-24).[4]  "On summary judgment, we draw reasonable inferences in the light most favorable to the non-moving party."  *5 Walworth, LLC v. Engerman Contracting, Inc.*, 2023 WI 51, ¶42, 408 Wis. 2d 39, 992 N.W.2d 31.

---

[4] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

## I.    *Failure to apply the summary judgment standard*

¶17    Aetos argues that the circuit court failed to consider Pagoudis's affidavit in the light most favorable to the non-moving party and that whether the roof collapse was caused by a fire is a genuine issue of material fact precluding summary judgment.  The circuit court ruled that expert testimony was required for Aetos to establish that the roof collapse was caused by a "covered cause of loss" as defined in the policy.  Therefore, the question is whether without Stankiewicz's testimony, Aetos could show that a genuine issue of material fact existed.

¶18    As the circuit court noted, Aetos did not attempt to name any other expert witnesses after Stankiewicz's testimony was barred.  Pagoudis was disclosed as a fact witness, not an expert witness.  Pagoudis was the sole member of the Aetos LLC with a financial stake in the outcome of the insurance claim.  Under WIS. STAT. § 907.02(2), "the testimony of an expert witness may not be admitted if the expert witness is entitled to receive any compensation contingent on the outcome of any claim or case with respect to which the testimony is being offered."  Therefore, Pagoudis could not be admitted as an expert and his affidavit would be inadmissible evidence insufficient to show a genuine issue of material fact.

¶19    For Aetos's broader point that whether fire caused the roof collapse was a genuine issue of material fact, Aetos fails to make the required showing to raise this as an issue of fact.  The circuit court concluded that an expert was required to prove Aetos's claim.  This ruling does not appear to have been challenged.  The record supports that the cause of the roof collapse could not "be ascertained by the ordinary use of the senses of a nonexpert[.]"  ***Cramer v. Theda Clark Mem'l Hosp.***, 45 Wis. 2d 147, 153, 172 N.W.2d 427 (1969).  An expert

provides specialized and technical knowledge to assist the jury in understanding the facts. *See* ***Weiss v. United Fire & Cas. Co.***, 197 Wis. 2d 365, 381, 541 N.W.2d 753 (1995) ("The lack of expert testimony in cases which are so complex or technical that a jury would be speculating without the assistance of expert testimony constitutes an insufficiency of proof.").

¶20 Therefore without expert testimony establishing that the roof collapse was caused by fire in a manner that it was a cause of loss covered under the policy, Aetos's position is speculative. "[S]peculation is insufficient to create a genuine issue of material fact on summary judgment." ***North Highland Inc. v. Jefferson Mach. & Tool Inc.***, 2017 WI 75, ¶34, 377 Wis. 2d 496, 898 N.W.2d 741. Considering the facts and the reasonable inferences from those facts in the light most favorable to the non-moving party does not mean relying on speculation. We conclude that the circuit court did not apply the wrong standard when it granted the renewed motion for summary judgment. Aetos's first argument fails.

## II. *Renewed motion for summary judgment after the deadline*

¶21 Aetos next argues that the circuit court should not have heard Rockford Mutual's renewed motion for summary judgment because it was filed after the deadline for dispositive motions. We first note that this is a disingenuous argument because the motion appeared to have been filed with the permission of the court. No transcript of the March 2023 status conference was provided; however, both Rockford Mutual and the circuit court reference that at the

March 27, 2023 status conference, Rockford Mutual moved to renew its summary judgment motion and a summary judgment hearing was set for May 30, 2023.[5]

¶22    We therefore interpret Aetos to argue that the circuit court erred when it allowed Rockford Mutual to file the renewed motion after the deadline. This argument challenges the circuit court's authority over its calendar.

¶23    "Wisconsin circuit courts have inherent power, within the limits of their discretion, to control their dockets." *Parker v. Wisconsin Patients Comp. Fund*, 2009 WI App 42, ¶9, 317 Wis. 2d 460, 767 N.W.2d 272. WISCONSIN STAT. § 802.10 addresses circuit court calendar management, establishing that a court may enter a scheduling order that addresses, among other things, the time to file motions, complete discovery, identify and disclose expert witnesses, and summary judgment adjudication. Sec. 802.10(3). A circuit court's discretionary control over its docket will be sustained if the court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Hefty v. Strickhouser*, 2008 WI 96, ¶28, 312 Wis. 2d 530, 752 N.W.2d 820 (citation omitted).

---

[5] The CCAP entry from March 27, 2023, states "Defendant will file a Motion for Summary Judgment[,]" and sets the summary judgment hearing date. CCAP, an acronym for Wisconsin's Consolidated Court Automation Programs, is a website that displays information entered by court staff. *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522. We may take judicial notice of CCAP records. *See* WIS. STAT. § 902.01; *Kirk*, 346 Wis. 2d 635, ¶5 n.1.

It is the appellant's responsibility to procure transcripts necessary for the prosecution of an appeal. WIS. STAT. RULE 809.11(4)(b). "[I]n the absence of a transcript," this court assumes "that every fact essential to sustain the [circuit court's] exercise of discretion is supported by the record." *Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979).

¶24 "The circuit court's broad discretion in addressing untimely motions … is absolutely essential to the court's ability to efficiently and effectively administer its calendar." *Schneller v. St. Mary's Hosp. Med. Ctr.*, 162 Wis. 2d 296, 310, 470 N.W.2d 873 (1991). Here, Rockford Mutual posited that without an expert witness, Aetos's claim failed as a matter of law. It would be a "waste of judicial resources" to proceed to trial without an issue for a fact-finder to resolve. *See Steven V. v. Kelley H.*, 2004 WI 47, ¶43, 271 Wis. 2d 1, 678 N.W.2d 856. Summary judgment is appropriate when there are no triable issues of material fact. *Transportation Ins. Co. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 290, 507 N.W.2d 136 (Ct. App. 1993).

¶25 We conclude that it was within the circuit court's discretion and authority to allow Rockford Mutual to file the renewed motion for summary judgment. Aetos fails to show how the circuit court's decision to hear the renewed motion was an erroneous exercise of discretion. *Hefty*, 312 Wis. 2d 530, ¶28. Aetos's second argument fails.

### III. *Judicial bias*

¶26 Third, Aetos argues that the circuit court exhibited bias when it allowed Rockford Mutual to file its renewed motion for summary judgment after the deadline for dispositive motions, but it did not allow Aetos to file its expert witness affidavit and reports late, even in light of Aetos's original attorney informing the court about health issues.

¶27 A basic requirement of due process is a fair trial before a fair judge. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009). "There is a presumption that a judge acted fairly, impartially, and without prejudice." *State v. Herrmann*, 2015 WI 84, ¶3, 364 Wis. 2d 336, 867 N.W.2d 772. "A defendant

11

may rebut the presumption by showing that the appearance of bias reveals a great risk of actual bias." *Id.* Whether a circuit court was biased, that is, objectively not impartial, is a question of law we independently review. *State v. Pirtle*, 2011 WI App 89, ¶34, 334 Wis. 2d 211, 799 N.W.2d 492.

¶28 Here, Aetos's allegations are entirely based on the circuit court's rulings and control over its calendar. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Aetos makes no allegations with a personal or external basis. We conclude that Aetos has not overcome the presumption of judicial fairness. *Herrmann*, 364 Wis. 2d 336, ¶¶24; 66.

¶29 The circuit court's decisions on whether to allow filings after deadlines in the scheduling order are generally within the court's discretion. *See Hefty*, 312 Wis. 2d 530, ¶28. We interpret Aetos's argument to be that the circuit court's discretionary decision striking Stankiewicz's expert testimony failed to consider relevant facts and circumstances, namely that its counsel had been ill. The record reflects that counsel sent letters to the court and arranged for successor counsel. However, those concerns do not make the court's decision unfair or a violation of due process.

¶30 Although Aetos phrases it as unfair that Rockford Mutual received an extension of the deadlines for dispositive motions, while Aetos did not get a similar extension for its expert witness disclosures, the record is unclear on what requests Aetos made to enlarge time for expert witness disclosures. As we noted above, the appellate record does not contain the transcript from the September 2022 status conference, during which Aetos's untimely responsive brief to the first summary judgment motion and various other motions were addressed. Therefore,

we are unable to analyze the circuit court's full reasoning. "[I]n the absence of a transcript," this court assumes "that every fact essential to sustain the [circuit court's] exercise of discretion is supported by the record." *Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979). Additionally, Aetos has not shown that the January 2023 order striking Stankiewicz's testimony was an act of partiality or bias. *Herrmann*, 364 Wis. 2d 336, ¶46.

¶31 Sustaining a court's discretionary decision does not ask this court to consider and reach the same decision, *Schneller*, 162 Wis. 2d at 306, but whether the circuit court, using a rational process in reflection of the facts and law, "reached a conclusion that a reasonable judge could reach," *Hefty*, 312 Wis. 2d 530, ¶28 (citation omitted). We sustain the circuit court's discretionary decision as within its discretion. Aetos's third argument fails.

### IV.    *Violation of local rules*

¶32 Finally, Aetos claims that the circuit court erred when it did not hold the proposed order for five business days before signing it, as provided in the local rules. Milwaukee County Circuit Court Rule 1.21(A) requires that when a court invites a proposed written order, the order shall be submitted to the court, served on all parties, and held by the court for five business days. Here, the summary judgment hearing was held on May 30, 2023, and the court signed the order granting summary judgment on June 1, 2023. Although Aetos was given

13

inadequate time to object to the proposed order, we conclude the error was harmless.[6]

¶33 "No judgment shall be reversed or set aside" unless this court determines upon review of the proceedings that the error "affected the substantial rights of the party seeking to reverse or set aside the judgment[.]" WIS. STAT. § 805.18(2). "For an error 'to affect the substantial rights' of a party, there must be a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue." *Martindale v. Ripp*, 2001 WI 113, ¶32, 246 Wis. 2d 67, 629 N.W.2d 698 (citation omitted).

¶34 Aetos fails to show that the summary judgment order entered on June 1 differed from the circuit court's holdings in its oral ruling on May 30. We discern no prejudice to Aetos from the court failing to wait five days in compliance with the local rules. Therefore, Aetos's final argument fails.

## CONCLUSION

¶35 For the reasons stated above, we reject Aetos's arguments and we affirm the order of judgment in Rockford Mutual's favor.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] Rockford Mutual also asserts that Aetos is raising this claim for the first time on appeal. "As a general rule, 'issues not raised in the circuit court will not be considered for the first time on appeal.'" *Marotz v. Hallman*, 2007 WI 89, ¶16, 302 Wis. 2d 428, 734 N.W.2d 411 (citation omitted). However, as this concerns the circuit court's failure to provide time to object, we will review the issue for harmless error.